Argued July 20, affirmed September 21, petition for rehearing
denied October 14, petition for review denied December 14, 1971

# PETTY, *Respondent, v.* STATE ACCIDENT
# INSURANCE FUND, *Appellant.*

488 P2d 1201

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Keith Burns,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The State Accident Insurance Fund appeals from an order of the circuit court directing that a hearing be allowed claimant on his claim for aggravation of a compensable injury.

October 7, 1964, claimant sustained a compensable injury and received benefits. On February 23, 1966, by order of the Workmen's Compensation Board, his claim was closed with an award of permanent partial disability. The order closing the claim contained the following:

> "NOTICE TO CLAIMANT: If you are dissatisfied with this order, decision, or award, you may file.

with the Department an application for rehearing within 60 days from the date *on which the order was mailed to you.* If you do apply for a rehearing and the Department takes no action upon your application within 60 days from the time you filed it, the application for rehearing is denied. You may then appeal to the circuit court and your appeal must be filed within 90 days *from the date you first filed your application* with the Department. FAILURE TO APPLY TO THE DEPARTMENT OR APPEAL TO THE COURT WITHIN THESE TIME LIMITS WILL RESULT IN THE LOSS OF YOUR RIGHT TO APPEAL.

"OR, IN THE ALTERNATIVE . . . . .

"You may choose to request a hearing before the Workmen's Compensation Board by filing with the Workmen's Compensation Board within 60 days after the date on which this order, decision or award was mailed to you, a signed, written request for a hearing which includes your address. If you do choose a hearing before the Workmen's Compensation Board you will not be entitled to a jury trial but you will have 5 years after your first award or arrangement of compensation within which you may file a claim for aggravation of your disability resulting from a compensable injury. FAILURE TO REQUEST A HEARING BEFORE THE BOARD WITHIN THE TIME LIMIT WILL RESULT IN THE LOSS OF YOUR RIGHT TO APPEAL."

Claimant took no further action in connection with his claim until July 17, 1970, when he requested a hearing, contending his condition had worsened, that he was in need of further medical care and should be placed on temporary total disability. The State Accident Insurance Fund responded that the Workmen's Compensation Board was without jurisdiction because no request for hearing had been filed within 60 days of the order of February 23, 1966, thus closing his claim. The Fund

also contended that the time to apply for compensation for aggravation was two years under ORS 656.276,[1] rather than the five years mentioned in the notice. The hearing officer ordered dismissal of the request for hearing and petitioner requested board review. The Workmen's Compensation Board on September 22, 1970, affirmed the dismissal. Upon appeal to the circuit court that court found that claimant had not been notified of his rights as required by Oregon Laws 1965, ch 285, § 43,[2] and ordered that claimant be al-

---

[1] ORS 656.276 (repealed, Oregon Laws 1965, ch 285, § 95):

"(1) If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation. This application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof.

"(2) An application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim.

"* * * * *"

[2] "(1) Subject to the provisions of subsections (2) to (5) of this section, all proceedings, rights and remedies with respect to injuries that occurred before the fully operative date prescribed by section 97 of this 1965 Act, shall be governed by the law in effect at the time the injury occurred.

"(2) The powers, duties and functions performed by the State Industrial Accident Commission under such law shall be performed by the manager of the department except that the board shall exercise all powers, duties and functions imposed on the commission under ORS 656.278 with respect to claims arising from such injuries.

"(3) When the department makes an order, decision or award under ORS 656.282 pertaining to any claim based on an injury that occurred before the fully operative date prescribed by section 97 of this 1965 Act, the claimant may, in lieu of exercising rehearing and appeal rights under the law in effect at the time of the injury, choose to request a hearing under the provisions of

lowed a hearing on the question of aggravation as provided in ORS 656.271,[9] which replaced ORS 656.276 in 1965. The State Accident Insurance Fund, on appeal, claims that the statute purporting to give an election to claimant between the prior procedures of ORS 656.276 and the 1965 law, ORS 656.271, applied only to those persons who chose "to request a hearing under the provisions of" the amended law "in lieu of exercising rehearing and appeal rights under the law in effect at the time of the injury." Thus the Fund claims that claimant is limited to the two-year limitation under the old law, ORS 656.276, to apply for increased compensation for aggravation instead of the five-year period available to claimants who come under the new law, ORS 656.271 (2).[9] Claimant contends that the

ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts.

"(4) In the event the claimant chooses to proceed under subsection (3) of this section, the rules and procedures contained in ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts shall govern hearings, review by the board, judicial review, aggravation and continuing jurisdiction except that the claimant shall have 60 days from the date on which the notice was mailed to him within which to request a hearing under section 34 of this 1965 Act.

"(5) The copy of the order, decision or award served upon the claimant under ORS 656.282 shall contain a statement informing the claimant of his rights under subsection (3) of this section, the form of the statement to be determined by the department."

[9] ORS 656.271 (enacted, Oregon Laws 1965, ch 285, § 32):

"(1) If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by

purpose of the legislation was to permit a claimant to choose between the two systems of proceedings, and that claimant here was not properly notified of his election right, since the notice which he received required action only by dissatisfied claimants. Claimant points out, at the time of the February 23, 1966, award, and for a long time afterward, he was satisfied with the award. It was only when his injury became aggravated that he sought to take action.

We think the notice sent to claimant did not adequately advise him of his rights. It was directed to dissatisfied claimants. As the trial judge stated in his memorandum opinion, "It did not advise *satisfied* claimants of their rights and the need to act within 60 days."

The State Accident Insurance Fund took the first paragraph of the notice directly from ORS 656.282 (3)③ which the 1965 Act repealed. The legis-

---

claimant or the department or the direct responsibility employer.

"(2) A request for a hearing on increased compensation for aggravation must be filed with the board within five years after the first determination made under subsection (3) of ORS 656.268."

③ ORS 656.282:

"(1) The commission may hear and determine all questions within its jurisdiction.

"(2) Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of the commission.

"(3) The copy of any such order, decision or award which is served upon the claimant shall have printed in bold-face type upon the front thereof a notice in substantially the following form:

"NOTICE TO CLAIMANT—If you are dissatisfied with this order, decision or award, you may file with the commission an

lature amended ORS 656.282 in 1957 to add subsection (3). Oregon Laws 1957, ch 455, § 1. Its purpose was to advise dissatisfied claimants how to appeal a decision.

The notice § 43 authorized had a different purpose. It was to inform claimants of the advantages and disadvantages of the two systems and the need to elect between them within 60 days. The State Accident Insurance Fund did not draft a new notice as § 43 (5) required it to do, but instead used the old one and added a paragraph summarizing the new procedures. The result was a confusing statement which did not adequately explain that two completely different systems were involved.

■ The notice did not state that under the old law the claimant had only a two-year period in which to file an aggravation claim. It apparently assumed the claimant knew this. It did not make it clear that the new Act *extended* the aggravation period from two to five years, and to protect his right to the extended period, a claimant had to give notice to the board within 60 days. The notice given claimant was inadequate to apprise him of his rights and the action necessary to protect them.

■ As to the State Accident Insurance Fund's assertion to the effect that the election offered involved

application for rehearing within 60 days from the date on which it was mailed to you. If you do apply for a rehearing and the commission takes no action upon your application within 60 days from the time you filed it, you may appeal to the courts within 90 days from the time you filed it. If this order, decision or award is the result of a rehearing, you may appeal to the courts within 30 days after it was mailed to you. FAILURE TO APPLY OR APPEAL WITHIN THESE TIME LIMITS WILL RESULT IN THE LOSS OF YOUR RIGHT TO APPEAL UNDER THE WORKMEN'S COMPENSATION LAW."

only dissatisfied claimants because it phrased the option in terms of "exercising rehearing and appeal rights," we think the interpretation sought by the Fund is too narrow. It seems apparent that the legislative intent was to give all claimants who had cases which arose, but had not been concluded, before the effective date of the 1965 amendments[®] the option to come under the new Act. If the legislature had intended to grant the benefits of the new Act only to dissatisfied claimants, it would have said so, and not left the denial of the five-year period to a possible inference. We think the conclusion of the trial court is consistent with the principles of the Workmen's Compensation Law, to provide benefits to injured workmen in accordance with that law.

Affirmed.