Argued September 27, reversed November 1, 1976

ADAM, *Appellant,*
*v.*
CITY OF SCAPPOOSE et al, *Respondents.*
(No. 22283, CA 6104)
555 P2d 809

*Robert P. VanNatta,* St. Helens, argued the cause for appellant. With him on the brief was VanNatta & Petersen, St. Helens.

*David B. Williamson,* St. Helens, argued the cause

for respondents. With him on the brief was Williamson & Whipple, St. Helens.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This writ of review proceeding challenges a conditional use permit which the city council of the City of Scappoose granted to defendant Olsen. Plaintiff, who owns property near the proposed conditional use, appeals from a circuit court judgment upholding the city council's action.

I

Olsen is the pastor of a church. He applied to the city planning commission for a conditional use permit which would allow conversion of defendant Baker's home, barn and adjoining land into a church and church school.[1] Both the Baker parcel and plaintiff's land are situated in an area zoned R-7 (low density residential) by the city. Church facilities are a permissible conditional use in city R-7 zones.

The city also has a comprehensive plan which indicates that the land in question is designated low density residential; churches are not mentioned in the plan. The comprehensive plan map shows a system of broken lines in the vicinity of the Baker parcel. These lines represent "recommended neighborhood collector streets." Two of these lines intersect near the middle of the Baker parcel.

At the planning commission hearing regarding Olsen's application, evidence and testimony was received from both plaintiff and proponents of the conditional use. Plaintiff specifically complained that, among other things, the proposed use violated the city's comprehensive plan. After the hearing, the city engineer examined the subject land and filed a written report with the planning commission. Comments on the report were not entertained by the planning commission. On the basis of the city engineer's report and the evidence presented at the hearing, the commission voted to approve Olsen's conditional use per-

---

[1] If Olsen obtains the conditional use permit, the Baker parcel will be sold to the Scappoose Baptist Church.

mit application, subject to certain conditions not here relevant.

Plaintiff appealed the planning commission's decision to the city council. Before holding a public hearing on the matter, the city council decided that: (1) no new evidence would be accepted since review would be confined to the record created before the planning commission; and (2) only proponent Olsen and opponent Adam would be permitted to speak at the hearing, either personally or through counsel. This format was apparently adopted in the wake of the following dictum in *Tierney v. Duris, Pay Less Properties,* 21 Or App 613, 536 P2d 435, Sup Ct *review denied* (1975):

> "Although local governments are free to choose to follow [procedures involving multiple evidentiary hearings] * * * it is not essential that there be full evidentiary hearings before both the planning commission and the city council, provided a full record is made in the first forum for review in the second forum * * *." 21 Or App at 618-19.

After reviewing the planning commission record and receiving the comment of attorneys representing Olsen and Adam, the city council made its own findings and granted the conditional use permit. The circuit court upheld the city council's decision, and this appeal followed.

Plaintiff makes two contentions. First, it is contended that the permit is invalid because the procedures under which the city council hearing was conducted were inadequate. It is also asserted that the conditional use does not comply with the city's comprehensive plan.

II

■■ As the dictum from *Tierney* quoted above makes clear, in the realm of land-use decision making, local government is not required to adopt a procedure involving multiple evidentiary hearings. However, this begs rather than answers the questions before us, for it is equally clear that the city council is bound by

procedural rules which have been adopted, even if they exceed that which is minimally required by due process. *See Williams v. Joyce,* 4 Or App 482, 506, 479 P2d 513, 40 ALR3d 1272, Sup Ct *review denied* (1971). We must thus examine the procedures which were adopted. Before doing so, we note that "procedures for the conduct of hearings on permits" must be prescribed by the city council. ORS 227.170. We read ORS 227.170 to mean that, before the decision-making process is set in motion, the city council must articulate the procedural rules which will govern that process.[2]

■ In this case, the decision-making process began when Olsen filed an application for a conditional use permit on June 20, 1975. Since the procedural rules which the city council ultimately adopted for the conduct of part of this process were announced well after this date,[3] we conclude that ORS 227.170 was not complied with. It follows that the city council decision must be overturned.

Plaintiff's second assignment of error on the merits is that the conditional use does not comply with the

[2] ORS 227.170 states:

"The city council shall prescribe one or more procedures for the conduct of hearings on permits and zone changes."

The requirement that city councils adopt procedures for permit hearings would be meaningless if these procedures could be formulated after part of the decision-making process is concluded. For instance, in the present case, it was only after the evidentiary hearing before the planning commission that the party opposing the conditional use learned of the city council's decision to deviate from past practice and hold a nonevidentiary hearing on the matter. If the opponent had known of this procedure before the decision-making process began, his presentation before the planning commission might have contained more or different evidence.

Given the critical role procedural rules play in insuring fair administrative proceedings, *see,* e.g., *Lathan v. Brinegar,* 506 F2d 677, 693 (9th Cir 1974), we feel ORS 227.170 must be read in the above-described manner.

[3] At a city council meeting on October 21, 1975, at the request of an attorney for one of the defendants, the city council explained that it would not conduct an evidentiary hearing and passed a motion to that effect. Written instructions explaining that only Olsen and Adam would be allowed to speak were apparently sent to both parties. We do not view these ground rules as the equivalent of properly adopted hearing procedures. *See* note 2, *supra.*

city's comprehensive plan. Suffice it to say we do not agree.

Reversed.