BUTTLER, J.
Petitioners appeal from an order quashing their petition for writ of review on the ground that it failed to allege sufficient facts to support their sole contention that respondent City Council exceeded its jurisdiction when it undertook to review a determination made by its Planning Commission. Petitioners do not seek review of any order or decision made by the City Council; they seek, rather, a determination that the Council did not have jurisdiction to make any order or decision with respect to the matter.
A brief history is necessary to understand the unusual posture of this dispute. In June, 1975, the City Council of Cannon Beach adopted Ordinance No. 75-5, pursuant to which certain streets, or parts of streets, were vacated. The ordinance recited that the vacations were "tied to a planned development,” and that some controls on that development were necessary "before the vacations will be in the public interest” and then found that the vacation would benefit the City and the public "provided the following conditions are imposed * * *.” Numerous conditions are then set forth, among them being the requirement that construction of contemplated development be commenced within three years, and that a "Planned Unit Development-type process for review of each phase of construction” be established. The ordinance goes on to set forth "Conditions and Procedures for Review of Development,” which, on their face, appear to delegate to the Planning Commission authority to make the necessary determinations without public hearings, and "on an administrative basis.”[1]
*[1340] Among such "conditions and procedures” are the requirements that the Planning Commission submit copies of a development plan to a geologist for comment, and that the Planning Commission review the comments to determine whether: "Assurances have been given by engineering geologist or soils engineer that minimal hazards will be caused by placement of improvements.” The Planning Commission was required to notify applicant whether, "in its opinion, the foregoing have been satisfied and approval is given, or if not, how they can be satisfied with further plan revision.”
The petition for writ of review alleges that with respect to the matter in dispute, the Planning Commission retained a geologist, and on September 10, 1976, met to consider his report, which included a recommendation that no development should be allowed in the "active foredune” and "deflation zone” areas because of instability. On September 26,1976, it is alleged, the Planning Commission unanimously accepted the recommendation of the geologist, and approved development only in the areas found by the geologist to be stable.
While the ordinance does not provide for any appeal, the developer filed a "Notice of Appeal” with the City Recorder. On October 19 the Council held a public hearing and, over petitioners’ objections, reviewed the Planning Commission’s decision; On November 3 that decision was reversed by the Council. Petitioners, alleging that the City Council lacked jurisdiction to review the decision of the Planning Commission under Ordinance 75-5, prayed for an order setting aside the decision of the Council solely on that ground.
In spite of some ambiguities,[2] we construe Ordinance 75-5 as a present vacation of certain streets, *[1341] subject to numerous conditions subsequent. Such conditions on street vacations have been upheld. Portland Baseball Club v. Portland, 142 Or 13, 18 P2d 811 (1933).[3] Petitioners’ contention is that the ordinance did more than vacate certain streets: it authorized construction of a condominium development and established specific procedures for review of plans, etc., with respect thereto, vesting exclusive authority in the Planning Commission with no appeal. Having established these procedures, they contend, the Council must abide by them, citing Adam v. City of Scappoose, 27 Or App 219, 555 P2d 809 (1976). (See Sunnyside Neighborhood v. Clackamas Co. Comm., 280 Or 3, 569 P2d 1063 (1977).)
While it is true that the ordinance is more than an ordinary street vacation, petitioners do not challenge the validity of the ordinance. They contend only that the delegation to the Planning Commission is absolute and not subject to review. The language of section 7 (quoted in footnote 1) is subject to the interpretation that the entire matter with respect to whether the *[1342] conditions are satisifed was delegated to the Planning Commission to be determined on an "administrative basis” and without public hearings. Assuming that the Council intended a nonreviewable delegation of ministerial acts, some of the conditions involve quasi-judicial determinations rather than ministerial acts. Assuming further, but without deciding, that quasi-judicial functions may be delegated to the Planning Commission with no Council review,[4] a quasi-judicial determination in land use cases may not be made without an opportunity for interested parties to be heard. Fasano v. Washington Co. Comm., 264 Or 574, 507 P2d 23 (1973).
In this case, it appears on the face of the petition that the question involved here is quasi-judicial: forming an opinion as to whether "minimal hazards will be caused by” the proposed placement of the improvements, and if not, what can be done to reduce the hazards to an acceptable standard. Since the delegation to make that decision provided that it was to be made without a public hearing, the City Council retained jurisdiction to review the Planning Commission action; therefore the order quashing the petitioners’ writ of review was proper.
Affirmed.

 Ordinance 75-5, Conditions and Procedures for Review of Development, § 7, provides:
"This procedure is not to be construed as a P.U.D. in a P.U.D. zone, but is designed for the purpose of review and coordination with department heads and other consultants of relevant areas, without public hearings, but acting by and through the Planning Commission on an administrative basis.”

Ordinance 75-5, Conditions on Development as Part of Vacation, § 6, provides:
*[1341] "The suggested vacations and realignments shall be null and void and of no further force and effect and all vacated portions of streets shall remain and be public rights of way if construction has not begun within a three (3) year period.”
The ordinance "ordains” that certain streets are "hereby vacated” or are "hereby declared vacated,” and in Section 4 provides:
"That the vacation of said streets is expressly conditional upon all of the conditions set forth in this Ordinance having been met. In the event that all conditions are not met within the time period specified herein, said vacation shall fail and the streets shall revert to public ownership.”

 The Portland Baseball Club case treated the street vacation as a legislative matter. We need not decide whether a street vacation will, in all instances, be treated as a legislative act in light of Fasano v. Washington Co. Comm., 264 Or 574, 507 P2d 23 (1973), because the ordinance, as such, is not challenged here. According to Fasano, at least as applied to zoning decisions, whether an act is quasi-judicial or legislative involves a determination of whether the action produces a general rule or policy which is applicable to an open class of individuals, interests, or situations (legislative), or whether it entails the application of a general rule or policy to specific individuals, interests, or situations (quasi-judicial). 264 Or at 581.

But see Link v. City of Coos Bay, 23 Or App 648, 543 P2d 1082 (1975), holding that legislative functions may not be delegated to the planning commission without review by the city council; the planning commission may only advise and recommend.