Submitted on record and briefs March 22, affirmed June 13,
reconsideration denied July 26, 1978

HUFFMAN et al, *Appellants,*
*v.*
YERKOVICH et al, *Respondents.*
(No. A 7707 10485, CA 9371)
579 P2d 893

James L. Huffman, Portland, filed the briefs pro se.

No appearance for appellant Katherine A. Huffman.

Christopher P. Thomas, City Attorney, and Thomas R. Williams, Deputy City Attorney, Portland, filed the brief for respondents.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This is an appeal from an order granting a motion to quash a writ of review by which plaintiffs had sought to attack defendants' action in entering a tax assessment for a special improvement to plaintiffs' property. The motion to quash was granted on the ground that the petition for the writ of review had not been filed within the 60-day limit provided for by ORS 34.030.[1] We affirm.

The assessment in question was first proposed to the city council in July, 1975. Plaintiffs were notified by mail. In June, 1976, the city council contracted to have the work performed. In February, 1977, the contractor returned a certificate of completion and the city council accepted the improvement.[2] On May 6, 1977, plaintiffs received notice of the proposed tax assessment against their property for the improvement. On May 18, 1977, plaintiffs appeared at the city council meeting and objected to the assessment of their property. Their objections were unsuccessful, and the city council moved the proposed ordinance providing for the assessment of their property to a third reading. On May 25, 1977, the ordinance assessing plaintiffs' property was passed at the city council's regular meeting. The plaintiffs did not appear at

---

[1] ORS 34.030 provides:

"The writ shall be allowed by the circuit court or judge thereof, or, in counties where the county court has judicial functions, by the county court or judge of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. The petition shall be signed by the plaintiff or his attorney, and verified by the certificate of an attorney to the effect that he has examined the process or proceeding, and the decision or determination therein, and that it is erroneous as alleged in the petition. A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

[2] There appears to be a conflict as to when the improvement was complete. Defendants claim February while plaintiffs state that it was late June. Plaintiffs had some complaint which required additional work after the completion certificate was accepted.

that meeting. The assessment against plaintiffs' property was entered on the docket of city liens on May 31, 1977, and notice of the lien was mailed on that date. Plaintiffs filed their petition for a writ of review on July 26, 1977.

It is clear that if the May 25, 1977 date on which the city council approved the pertinent ordinance is the date from which the 60 days provided by ORS 34.030 begins to run, then the plaintiffs did not timely file their petition for a writ of review. Plaintiffs, however, suggest four other dates as possible points from which to measure the 60 days.

First, plaintiffs argue that the 60 days should not begin to run until the work for which the assessment was made was completed. Since work was not entirely finished until late June, 1977, plaintiffs' petition would thus be timely. This argument ignores the controlling statute, ORS 34.030, which states that the petition for the writ must be filed "within 60 days from the date of the *decision* or *determination* sought to be reviewed." (Emphasis added.) Plaintiffs seek to review the assessment; we therefore look to the date the assessment was made, not when the work was finished.

Secondly, plaintiffs argue that the time period cannot begin to run until they become obligated to pay the assessment. Plaintiffs claim that since the assessment was not filed as a tax lien until May 31, 1977, the petition was timely. This argument fails in the same manner as the first argument. Plaintiffs seek review of the assessment decision, not the attachment of the lien to pay the assessment. The date the lien was filed does not control. The lien is a method of enforcing a pre-existing obligation, *viz.,* the assessment. It is the date the assessment was made that governs.

Plaintiffs' third argument is that plaintiffs had no notice of the city council's decision until May 31, 1977 and that therefore the time period begins to run on

[ 814 ]

that date. Plaintiffs claim that constructive knowledge of the passage of the ordinance cannot be imposed on them until the lien was entered on the tax records on May 31, 1977.[3]

The Charter of the City of Portland, Oregon, is the controlling document. The charter provides that all city council meetings are to be public, and that a journal, which shall be a public record, shall be kept of council proceedings. Section 2-112.[4] The vote on an ordinance must be entered in the journal. Section 2-117.[5] Finally, an ordinance of the type in question here takes effect immediately upon its passage. Section 2-123.[6]

From the above, we conclude that May 25, 1977, is the "date of decision or determination" sought to be reviewed under ORS 34.030. It follows that the trial court properly quashed the writ. *See Duddles v. City*

---

[3] Plaintiffs did not receive their notification of the assessment until sometime in June. The notice was dated May 31, 1977. They make no claim for the later date.

[4] Portland City Charter § 2-112 provides:

"All regular and special meetings of the council shall be public. It shall hold one regular legislative meeting each week, and such other meetings as it may prescribe. The council shall keep a journal of its proceedings which shall be a public record."

[5] Portland City Charter § 2-117 provides:

"In the transaction of legislative or judicial business the council shall act only by ordinance. The ayes and nays shall be taken upon the passage of all ordinances and entered upon the journal of the proceedings of the council. Every member when present must vote, unless the remainder of the council approves his excuse for disqualification, and every ordinance shall require the affirmative vote of three members."

[6] Portland City Charter § 2-123 provides:

"Ordinances (a) making appropriations and the annual tax levy, (b) relative to local improvements and assessments thereof, and (c) emergency ordinances, shall take effect immediately upon their passage, or any special date less than thirty days after passage, specifically fixed in such ordinance. All other ordinances enacted by the council shall take effect thirty days after their passage unless a later date is fixed therein, in which event they shall take effect at such later date, subject to referendum if legislative, and subject to the provisions of this charter relating to objections."

*Council of West Linn,* 21 Or App 310, 535 P2d 583, *rev den* (1975).

Finally, plaintiffs argue that, since defendants appeared in circuit court to file a motion for an extension of time, they waived the objection of failure to file the petition within the 60-day time period. They argue that a motion to quash must be the first responsive pleading to a writ of review or it is waived. There is no citation of authority for this assertion.

■ We decline to adopt plaintiffs' approach. Defendants could not have made their motion to quash before the return of the writ because, until that time, there was nothing in the record which showed on what date the "decision or determination" to be reviewed was made. Once that record was before the court defendants moved to quash.

■■ The time for filing the petition for a writ of review is jurisdictional. *Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976). This jurisdictional defect is generally not waived by a motion for an extension of time, and certainly not where the record did not reflect the facts necessary to show that a timeliness problem existed.[7]

Affirmed.

---

[7]We note that plaintiffs state in their brief that they filed an "application for bonding" of the assessment pursuant to City Charter § 9-901. The section provides:

"Within twenty days after notice of an assessment, deficit assessment or reassessment for a local improvement is first published, if the assessment exceed a minimum fixed by the council, the owner of the property assessed may file with the Auditor a written application to pay the assessment in installments. The application shall state that the owner waives all irregularities and defects, jurisdictional or otherwise, in the proceedings for the local improvement and in the spread by assessment of the cost. It shall provide that the owner agrees to pay the assessment in twenty semi-annual installments, or the number of semi-annual installments permitted for the particular type of local improvement, with interest on all installments at six per cent per annum. The application also shall describe the applicant's property assessed for the improvement. The auditor shall not accept an application if the amount of that assessment, and all prior unpaid assessments on the same property, total more than the assessed value

of the property or would exceed the ratio of total improvement assessments to assessed value fixed by the council, unless such excess is paid to the city treasurer in cash at the time of the application."

If it is true that plaintiffs filed an application under Section 9-901, they may have waived the objections their writ of review would have permitted them to assert. However, because the record before us does not actually contain the application for bonding, we decline to decide the case on this basis.