Argued and submitted November 16, 1979, affirmed
January 28, reconsideration denied February 26,
petition for review denied May 1, 1980 (289 Or 71)

GITTELSOHN, et al,
*Appellants,*

*v.*

CITY OF CANNON BEACH, et al,
*Respondents.*

(No. CC78-761, CA 13646)

605 P2d 743

Edward J. Sullivan, Portland, argued the cause for appellants. With him on the briefs were O'Donnell, Rhoades, Gerber & Sullivan, and Marla J. McGeorge, Portland.

Dan Van Thiel, Astoria, waived appearance for respondent, City of Cannon Beach.

James H. Clarke, Portland, argued the cause for respondents, W. C. Bauman, Robert G. Bauman, and Robert G. Bauman, dba Breakers Point. With him on

the brief were Spears, Lubersky, Campbell & Bledsoe, George L. Kirklin and Frank M. Parisi, Portland.

C. E. Wheelock, Portland, submitted the brief for respondent, Franklin Service Corporation. With him on the brief was Wheelock, Niehaus, Hanna, Murphy, Green & Osaka, Portland.

Before Buttler, Presiding Judge, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Plaintiffs brought this declaratory judgment action seeking a declaration that the issuance of building permits for a 71-unit condominium project by the City of Cannon Beach to the defendant developers violated certain municipal zoning ordinances. Defendants moved for summary judgment contending that the proposed project does not violate the city's zoning ordinance and that this suit is barred by the statute of limitations, laches and by principles of res judicata. The court granted the motion on all four grounds. Plaintiffs appeal from that order. We affirm.

A brief background on the history of this project is necessary to understand the present posture of this case. In 1971, the city of Cannon Beach enacted two ordinances which, in effect, allowed the defendants to build a 131-unit condominium project known as "Breakers Point". Plaintiffs and others objected to that project. Three years later those ordinances expired without construction having begun.

In late 1974, the defendant developers applied for a street vacation ordinance, this time proposing a 97-unit development. On June 18, 1975, the City Council enacted ordinance 75-5 which vacated certain streets or parts of streets. The vacations were tied to the proposed planned development and numerous conditions were imposed. The developers presented a site development plan for the 97-unit project to the Cannon Beach Planning Commission. The Planning Commission approved the proposed plan with two exceptions. The developers then appealed to the City Council from the adverse portion of the Planning Commission's action. In November, 1976, the City Council overruled the Planning Commission and approved the proposed project in its entirety.

On November 8, 1976, plaintiffs and others filed a writ of review challenging the City Council's action. The sole contention in that case was that the City Council exceeded its jurisdiction when it undertook to

review a determination made by its Planning Commission. The trial court granted a motion to quash the writ. That decision was affirmed on appeal. *Ayres v. City Council of Cannon Beach,* 31 Or App 1337, 572 P2d 664 (1977) *(Ayres I).*

A second suit, *Ayres II,* was brought in January, 1977. This time, plaintiffs and others challenged the City Council's approval of the project contending, in part, that the project violated the city's zoning ordinance. That case contained contentions similar to those raised in the present suit. The court sustained the defendants' demurrer on the grounds that *Ayres I* was still pending. No appeal was taken from that order.

During this period, the Land Conservation & Development Commission adopted the Beaches and Dunes Goal (Goal 18). Suit was brought against the present defendants on the grounds that the goal was applicable to the Breakers Point project and the city was required to apply the goal to the proposed development. As a result of that suit the state entered into a stipulated settlement with the city and developer. Suit was also brought by some of the present plaintiffs and others on the same grounds. The court dismissed that suit and, while plaintiffs appeal was pending, an agreement with the defendants was entered into on the same terms as the agreement with the state.

The terms of the settlement required the city to employ an independent expert to determine whether the Breakers Point project site included, within its boundaries, any active foredune or other dune landform upon which coastal goal 18 prohibited construction. As a result of that study the project was reduced to 71 units. No units were to be built on the active foredune portion of the site. The city, on August 15, 1978, adopted formal findings and conclusions approving the preliminary site plan and revoking the building permits for the units on the active foredune area.

In September, 1978, the city enacted ordinance 78-7, which provided for the vacation of certain streets or parts of streets. The vacation was tied to the planned development. The ordinance is substantially similar to #75-5, which expired by its own terms because construction of Breakers Point had not begun within three years.

Building permits were issued to the developers in November and December, 1978, for the approved final plan. Plaintiffs then filed this suit.

The allegations raised in this suit could have been alleged in *Ayres I.* "Res judicata applies not only to every claim included in the pleadings but also to every claim which could have been alleged under the same 'aggregate of operative facts which compose a single occasion for judicial relief.'" *Taylor v. Baker,* 279 Or 139, 144, 566 P2d 884 (1977); *see also Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers Inc.,* 271 Or 188, 531 P2d 266 (1975).

Contrary to the plaintiffs' contention, basing this suit on the issuance of the building permits as opposed to the street vacation ordinance does not create a different cause of action. The significant operative facts are the same. The proposed development is the same now as it was at the time of *Ayres I* except for the number of condominiums to be built. The enabling ordinances, 75-5 and 78-7, are in all material respects the same. Finally, no changes in the Cannon Beach zoning ordinance 69-9 are brought to our attention.

The plaintiffs' main contention, besides alleging that the building of the condominiums themselves violates the city's zoning ordinance, is that the development will violate density and setback requirements. Affidavits were submitted by the defendant developer in which he stated that the calculation of allowable density and the manner of determining compliance with yard setback requirements were performed in 1976 in the same manner as in the current plan.

[251]

As the trial court found, there is no real difference in the project except that, each time a new plan has been submitted, it has proposed fewer condominiums. This proceeding is barred by the prior suit of *Ayres v. City of Cannon Beach (Ayres I), supra.* Thus, it is unnecessary to decide whether any of the other lawsuits operate as a bar.

Since we dispose of this action on *res judicata* grounds, it is not necessary to reach the other issues raised by this appeal.

Affirmed.