Argued and submitted May 21, affirmed August 18,
reconsideration denied September 25,
petition for review allowed October 21, 1980

HITCHCOCK,
*Appellant,*
*v.*
McMINNVILLE CITY COUNCIL, et al
*Respondent,*
*and*
INDUSTRIAL INVESTMENT CORPORATION,
*Intervenor-Respondent.*
(No. 35510, CA 15804)
615 P2d 409

John W. Hitchcock and John C. Pinkstaff, McMinn-
ville, argued the cause and filed the briefs for appel-
lant.

No appearance for respondent.

Daniel H. Skeritt, Portland, argued the cause for

intervenor-respondent. With him on the brief was Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This is an appeal from an order granting intervenor's motion to dismiss a petition for writ of review by which petitioner sought to challenge a decision by the McMinnville City Council (Council) on a zone change application. The motion was granted on the grounds that the petition for review had not been timely filed within the 60-day statutory limit (ORS 34.030)[1] and that petitioner lacked standing to challenge the decision.[2] We affirm.

In February, 1978, petitioner petitioned the Council to act on its own motion to rezone certain property from commercial to a less intensive use. A portion of the parcel was owned by the intervenors. The Council referred that request to the Planning Commission for review. On March 16, 1978, at a special meeting, the Planning Commission voted to advertise and hold a public hearing on rezoning of the property. Following the public hearing on April 6, 1978, the Planning Commission denied the zone change and comprehensive plan change. It forwarded to the Council its recommendation, based on specific findings of fact, that the comprehensive plan remain in "status quo" and that the proposed change be denied.

On May 2, 1978, the Council held a public hearing to consider the Planning Commission's recommendation and rejected it. At the same time the Council voted to hold a hearing to "consider the best possible use of that piece of property/or the best land use

---

[1] ORS 34.030:

"*** A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

[2] The question of standing was not included in intervenor's motion to dismiss (as it was in its motion to quash which was denied), but the court concluded in that portion of its letter opinion granting the motion to

of the community de novo." On June 12, 1978, another public hearing was held. Several witnesses, including petitioner, testified concerning the possible uses of the property. After testimony and discussion, the Council approved a motion "that we do not hold any further hearings on this particular piece of property and that we leave it zoned as it is." On July 5, 1978, the minutes of the June 12 meeting were approved by the Council. No other action, formal or otherwise, was taken by the Council regarding the denial of the zone change. On September 1, 1978, petitioner filed his petition for writ of review.

Petitioner first assigns as error the court's conclusion that the petition for writ of review was untimely filed because the 60-day limitation period began with the Council's action of June 12, 1978, 81 days before the filing of the petition. Petitioner suggests that the date of the "decision or determination" which had the effect of beginning the limited period for appeal under ORS 34.030 was not when the Council voted and announced its decision to deny the zone and plan change (June 12), but rather the date of entry of the approved minutes of that meeting, which occurred on July 5, 1978. Under that theory, his petition for writ of review was filed 57 days from the date of the "decision or determination."

He relies on *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583, *rev den* (1975), for the proposition that the 60-day limitation for bringing the writ commences from the time a final written order is filed by the local governing body rather than from the earlier date on which the decision was orally announced. In *Duddles,* at 315, we stated:

> "On September 27, 1973, after hearing the evidence, a majority of the city council voted in favor of an oral motion to grant the requested zone change.

dismiss that petitioner lacked standing. Petitioner assigns that conclusion as error, but in view of our disposition of the timeliness issue, we do not reach the issue.

The following November 14 the city council formally adopted an ordinance that effectuated the zone change. Respondents would begin computing the 60-day limitation period of ORS 34.030 from September 27. Respondents are incorrect. The orally announced decision of a judge does not begin the limited period for appeal; only the entry of a formal written judgment has that effect. Here, by analogy, the orally announced decision of the city council was not a critical event; instead, the 60-day limitation period began when the city council rezoned the property in question by ordinance adopted on November 14."

*Duddles* is not authority for petitioner's position. The Council denied the proposed zone change. No further formal action to effectuate that decision was required, and no further action was contemplated. *Duddles* does not support the proposition that Council minutes must be approved before a decision is final. Quite to the contrary, the recorded vote was the "decision or determination" which commenced the statutory period for a writ of review. That action was the only legally effective one taken by the Council on the application, and the process sought to be reviewed was that action. *See Heilman v. City of Roseburg,* 39 Or App 71, 591 P2d 390 (1979); *Huffman v. Yerkovich,* 34 Or App 811, 579 P2d 893, *rev den* 284 Or 341 (1978). The later routine adoption of minutes from the previous hearing did not change that fact.

The petition not having been timely filed, it was properly dismissed. Therefore we do not reach other issues.

Affirmed.