Argued and submitted November 9, 1981, affirmed October 13, reconsideration November 23, 1982, petition for review denied January 18, 1983 (294 Or 460)

LYFORD et al,
*Respondents,*

*v.*

BOARD OF COMMISSIONERS FOR
BENTON COUNTY et al,
*Respondents,*
PACIFIC NORTHWEST BELL
TELEPHONE COMPANY et al,
*Appellants.*

(36035; CA A20525)

651 P2d 1355

Paul J. De Muniz, Salem, argued the cause for appellants. With him on the briefs were Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Robert L. Liberty, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners in this writ of review proceeding seek review of the Benton County Board of Commissioners' (Board) order granting Pacific Northwest Bell (PNB) a conditional use permit to install a passive reflector tower near petitioners' homes. The circuit court, after an evidentiary hearing on the petition, denied PNB's motion to quash for untimely filing and found that at the Board hearing on the application petitioners had not had an adequate opportunity to present evidence. Accordingly, it remanded the case to the Board for further proceedings. PNB appeals, assigning as error both the circuit court's denial of PNB's motion to quash the petition for failure to file within the 60-day statutory period, ORS 34.030, and the order remanding the case to the Board. We affirm.

This dispute arose when PNB applied on March 28, 1979 for a conditional use permit to install the tower. The County Planning Department denied the permit. PNB appealed to the Board, which held a public hearing on June 19, at the conclusion of which no vote was taken and no decision was announced. By a "Notice of Disposition" dated July 6, the Board reversed the Planning Department; that document did not contain findings or conclusions but stated that findings would be prepared by county counsel. Subsequently, the Board issued its "Findings, Conclusions and Order," dated August 2, the date the last commissioner's signature was affixed. That document was entered in the county court journal in mid-September. The petition for writ of review was filed October 2.

At the hearing on the writ of review, evidence was adduced to establish that the following procedure is routinely followed after the Board issues its orders: the administrative assistant dates the order on the day the final commissioner's signature is obtained; photocopies are distributed internally to appropriate county departments and are mailed to "various other persons"[1]; the original is put into the "journals basket," where it is held for later transport to the county clerk to be entered in the county court

---

[1] In this case, the order was mailed to the Benton County Planning Department and PNB.

journal, which, typically, occurs in the middle of the month following the issuance of the order.

■    Petitioners filed their petition on October 2, 1979, more than 60 days after both the "notice of disposition" and the date on the order, but within 60 days of the journal entry. PNB contends that the petition was not filed "within 60 days from the date of the decision or determination sought to be reviewed," as required under ORS 34.030.[2] It argues that the date from which the 60-day period started to run was either the date of the "notice of disposition" or the date appearing on the final order. Petitioners contend that the date the final order was entered in the journal is controlling.

The trial court denied the motion to quash, relying on ORS 7.010(1), which provides:

> "(1) The records of the circuit and county courts include a register, journal, judgment docket, execution docket, fee register, jury register and final record."

The court stated:

> "In these matters where the County Commissioners are acting in a quasi-judicial capacity, there has to be a time when the Order is final to be appealable. Finality has to occur in some clearly recognizable matter *[sic]*. ORS 7.010 is and ought to continue to be applicable."

To begin with, it is clear that the "notice of disposition" was not the final order; it stated that findings of fact would be prepared by county counsel. The document entitled "Findings, Conclusions and Order" is the "decision or determination sought to be reviewed"; it is the challenged legal action. The question is whether the date on

----

[2] ORS 34.030 provides:

"The writ shall be allowed by the circuit court, or, in counties where the county court has judicial functions, by the county court wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. The petition shall be signed by the plaintiff or his attorney, and verified by the certificate of an attorney to the effect that he has examined the process or proceeding, and the decision or determination therein, and that it is erroneous as alleged in the petition. A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

the order or the date of journal entry is the appropriate date from which to compute the 60-day statutory period for initiating a writ of review. In making that determination in prior decisions, we have focused on the date when the actual decision was made. However, in those cases, the decision was made by formal vote taken at a public hearing or meeting. There was an identifiable public event that could be viewed as the final decision. *See Hitchcock v. McMinnville City Council,* 47 Or App 897, 615 P2d 409 (1980), *aff'd on other grounds* 291 Or 404, 631 P2d 777 (1981) (city council vote, taken at public hearing, is critical date); *Heilman v. City of Roseburg,* 39 Or App 71, 591 P2d 390 (1979) (city council vote, taken at public hearing, is critical date); *Huffman v. Yerkovich,* 34 Or App 811, 579 P2d 893, *rev den* 284 Or 341 (1978) (where ordinance passed by vote at public meeting, date of meeting is critical); *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583, *rev den* (1975) (where ordinance adopted at public meeting, date of meeting is the critical one).

Here, the Board reached a decision privately some time after the public hearing, first by its "notice of disposition," which contemplated further action, and then by the final order, including findings and conclusions. Petitioners did not receive written notice of either the notice or the order. The record indicates no publication of the order before it was entered in the county journal in mid-September. PNB asks us to compute the statutory period from either the issuance of the "notice of disposition" or the date of the final order, although neither was made public, much less made a matter of public record, until more than a month after the latter was dated.

On review of this court's decision in *Hitchcock v. McMinnville City Council, supra,* the Supreme Court observed in dictum that with the expansion by *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), and its progeny of the class of persons entitled to challenge government action by writ of review, it may be more appropriate to compute the statutory period from the date the decision is memorialized in a public record, rather than from the date it is actually made. In suggesting that the publication of minutes recording the vote on a zone change application, rather than the oral announcement of the

decision made at a public hearing, should trigger the 60-day period, the court said:

"* * * When *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973) and its sequels broadened the concept of 'quasi-judicial functions' of local governments so as to apply its procedural guarantees beyond conventional types of individualized adjudications, the effect also broadened the range of persons who might be 'parties' to these procedures. *Cf. Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 609-612, 601 P2d 769 (1979). Each such 'party' whose 'substantial interest' in the government's action might suffice for a writ of review, ORS 34.040, may not necessarily be present at the meeting when the 'decision or determination' is made nor be personally informed thereof at that time. Moreover, without some official record of the action taken, the occurrence and nature of that action itself would become a potentially contested issue of fact, inviting further complications as to evidence and burdens of proof. The public meeting law, ORS 192.610-192.690, aimed at general public information rather than judicial review, requires the publication of written minutes 'within a reasonable time after the meeting,' including disposition of all 'motions, proposals, resolutions, orders, ordinances and measures' and other votes taken. ORS 192.650. The McMinnville city charter provided for such minutes." 291 Or at 407.

This case differs from our prior cases in two respects: (1) there was no vote taken, or decision made, at the public hearing on the application, and (2) the county's internal procedures provide for entry of the final order in the county journal.[3] It is apparent from the cases that confusion abounds in this type of case, resulting in unfairness to those desiring to seek judicial review of the governmental action. The Supreme Court's comments in *Hitchcock* have merit; we will apply them here. Although the record does not disclose the exact date on which the journal entry occurred, only that it was most likely some time in mid-September, this petition would have been timely even if the order had been entered in the journal on August 3,

---

[3] We express no opinion as to the trial court's apparent conclusion that ORS 7.010 requires a journal entry to render the decision final. Our decision is based on the fact that the county's own procedures require journal entry and on the conclusion that it should follow its adopted procedures.

the day after it was signed. Under these circumstances, we conclude that the petition was timely filed and proceed to the merits.

The record discloses that during the initial application process before the Planning Department, both PNB and the petitioners here presented their views on the installation of the tower. At the hearing before the Board, PNB presented its case a second time. On the Board's request for further comment or questions, petitioner Carey made a brief statement in summary fashion but was not prepared to present her views fully and was not represented by counsel.

The trial court found that because the county ordinance, which provided for an appeal to the Board from the decisions of the Planning Department, did not specify either the nature of the appeal, *e.g.,* whether review was to be *de novo* or otherwise, or procedures for the conduct of the appeal hearing, petitioners were not, and could not have been, aware of the nature of the hearing and were ill-prepared to present their side of the case. The court concluded that a new hearing was required and remanded the case to the Board for that purpose. On the record made in the circuit court, the trial court was permitted to find as it did, and, having done so, it had authority to remand as it did. ORS 34.100.[4] Our review on appeal is the same as it is from a judgment in an action.

Although the ordinance did not specify the nature or conduct of the Board hearing on appeal, the Board had printed a document entitled "Procedures for Public Hearings," which explained how such hearings would be conducted. The procedures provided for presentations from petitioners and respondents, with cross-examination and comments from proponents and opponents. It also provided for staff reports. In addition, the staff was to read into the

---

[4] ORS 34.100 provides:

"Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action."

record any previously submitted written testimony from the public. It was apparently within the Board's discretion to listen to the tapes of any hearings before the Planning Department, but it was not required to do so. The rules specified that the Board "shall be the judge of the weight and effect to be given to the testimony of each witness and each item of evidence," *i.e.*, the hearing was to be *de novo*.

ORS 215.422(1)(a)[5] requires the county governing body to prescribe in advance the procedure and type of hearing for an appeal from the Planning Department. *See Adam v. City of Scappoose*, 27 Or App 219, 555 P2d 809 (1976). Although the statute does not require that the county's hearing procedures be adopted by ordinance, they must at least be made available to the general public if they are to serve their intended function. There is evidence here that a vigorous effort on petitioners' part to determine the nature of the hearing failed to gain them access to the written procedures. Petitioners inquired of several county staff members, including the Board and Planning Department staff, and were never given or even shown a copy of those procedures.[6]

On this record, the trial court was entitled to find as it did and to remand the case to the Board for a new hearing.

Affirmed.

---

[5] ORS 215.422(1)(a) provides:

"A party aggrieved by the action of a hearings officer may appeal the action to the planning commission or county governing body, or both, however the governing body prescribes. The appellate authority on its own motion may review the action. The procedure and type of hearing for such an appeal or review shall be prescribed by the governing body."

[6] Petitioner Carey testified that she was misinformed by Planning Department and Board staff, who told her that only new evidence would be presented at the hearing. The staff members denied giving the misinformation. The trial court was entitled to believe petitioner.