Argued and submitted June 8, affirmed August 4, 1993

Laural LaFAVOR,
*Appellant,*

*v.*

LANE COUNTY ANIMAL REGULATION
CONTROL AUTHORITY,
*Respondent.*

(16-92-05754; CA A77765)

857 P2d 191

Donald L. Dickerson, Eugene, argued the cause and filed the briefs for appellant.

David B. Williams, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

### WARREN, P. J.

Petitioner appeals the circuit court's dismissal for lack of jurisdiction of her petition for writ of review. We affirm.

Petitioner was cited by Lane County Animal Regulation Control Authority (Animal Control) for violation of a Lane County ordinance. She contested the citation, and a hearing was held on May 14, 1992. On that same date, the hearings officer announced the decision and signed an order finding that petitioner had committed the violations. The citation was recorded as "upheld" on the Lane County infractions hearing docket of May 14, 1992. Petitioner was mailed a copy of the order, and received it on or about July 14, 1992. Petitioner filed a petition for writ of review on July 16, 1992.

Animal Control moved to dismiss on the basis that the petition was not timely filed, because it was filed more than 60 days after the May 14, 1992, decision. The court granted the motion. Petitioner appeals, arguing that the time for filing the writ begins to run on the date she received a copy of the order.

■      Under ORS 34.030, a party must file a petition for writ of review "within 60 days from the date of the decision or determination sought to be reviewed." The filing date is jurisdictional. *Huffman v. Yerkovich*, 34 Or App 811, 816, 579 P2d 893 (1978), *rev den* 284 Or 341 (1978).

Lane County Code 5.030(4) describes the procedure by which a hearings officer renders a decision. It provides, in pertinent part:

> "After due consideration of the evidence and the arguments, the Hearings Officer shall determine whether the infraction alleged in the Complaint has been established. When the infraction has not been established, an Order dismissing the Complaint shall be entered. When the determination is that the infraction has been established * * * an appropriate order shall be entered in the records. A copy of the Order shall be delivered to the person named in the Order personally or by mail or to their attorney of record."

Petitioner argues that, because the county code requires that a copy of the order be delivered to petitioner, the "date of the decision or determination" is no earlier than July 14, when

she received a copy of the order. Therefore, she argues that the petition for writ of review was timely filed.

■■■ We look to the local ordinance to determine the "date of the decision or determination" that starts the 60-day calendar running under ORS 34.030. *Huffman v. Yerkovich, supra*, 34 Or App at 815. Although Lane County Code 5.030(4) requires that the person named in the order be given notice of the determination, there is nothing in the ordinance that makes notice an element of the determination. The notice requirement is analogous to ORCP 70B(1), which requires the court clerk to notify parties of the entry of a judgment in district and circuit court cases. The clerk's failure to provide notice under ORCP 70B(1) does not extend the date for filing an appeal under ORS 19.026(1) and ORS 19.033(2). *Amvesco, Inc. v. Key Title Co.*, 69 Or App 740, 743, 687 P2d 1121 (1984). We hold that the requirement to provide notice under Lane County Code 5.030(4) is not an element of the determination that affects the time for filing a writ of review under ORS 34.030.

■ In interpreting local ordinances in prior cases, we have found the date of determination under ORS 34.030 to be the date the decision was actually made and announced and, in others, to be the date the order was entered in the records. *See Lyford v. Bd of Comm'rs for Benton County*, 59 Or App 585, 589, 651 P2d 1355 (1982). In this case, both events took place on May 14, 1992.

Petitioner had 60 days from May 14, 1992, to file her petition for writ of review. The July 16, 1992, filing was not timely.

Affirmed.