Argued 28 November, 1898; decided 3 January, 1899.

# FIRST NATIONAL BANK *v*. HOVEY.

[55 Pac. 585.]

PLEADING—RIGHT OF ACTION—MONEY HAD AND RECEIVED.—Where the maker of a note delivered money to a bank to be forwarded to the payee and applied on his note, and the bank delivered it to another bank, with instructions to pay it to the payee generally, the latter bank was not, on failing to pay over the money, liable to an indorsee of the note as for money had and received; there being no obligation on its part to pay it to the indorsee, or to see that it was applied on the note.

From Lane :    J. C. FULLERTON, Judge.

Action by the First National Bank of Eugene against A. G. Hovey and others.    From a judgment for defendant, sustaining a demurrer to the complaint, plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Geo. B. Dorris.*

For respondent there was a brief and an oral argument by *Mr. A. C. Woodcock.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action for money had and received, the complaint averring in substance, omitting such allegations as are formal merely, that on December 9, 1892, the plaintiff loaned J. M. Kitson $2,000, and as evidence thereof took his promissory note, payable on demand, which remains unpaid; that, to secure the payment thereof, Kitson indorsed to plaintiff a certain promissory note, made, executed, and delivered to him June 15, 1892, by James McCoy, James H. McCoy, and S. J.

McCoy, calling for the sum of $3,000, payable, with interest, on or before December 31, after date, and that plaintiff was, on January 6, 1893, and now is, the holder of said note, and entitled to receive payment thereof; that on January 6, 1893, the said James H. McCoy delivered to the First National Bank at Oaksdale, Washington, the sum of $2,000, to be transmitted to Kitson at Eugene City, to apply on said note, which sum was telegraphed to the said Lane County Bank (the defendants) on the same day, with instructions to pay it to Kitson; that the defendants received said sum of $2,000, but have not paid the same, or any part thereof, to Kitson, but converted it to their own use; that Kitson was authorized and directed by McCoy to credit said sum on the said $3,000 note then in the hands of plaintiff as indorsee, which sum it is entitled to receive from defendants; that defendants are indebted to the plaintiff in the said sum of $2,000 for money had and received to the use and benefit of plaintiff, and that before the commencement of the action plaintiff demanded the same from defendants.   To this complaint a general demurrer was filed, which was sustained, and, judgment being entered dismissing the action, and for costs and disbursements, the plaintiff appeals.

The sufficiency of the complaint in stating a cause of action is challenged by the demurrer.   It is contended that James H. McCoy caused the money involved to be transmitted to the defendant's bank for Kitson, to be applied upon the said McCoy note indorsed to plaintiff, and that it thereby became the plaintiff's duty to see that it was so applied.   The principle involved by the controversy is that whenever one party has in his hands money which belongs to another, and which he is not entitled to and cannot in good conscience retain as against that other, the law, notwithstanding a want of privity between

the parties, will imply a promise upon his part to pay it over, and require him to disburse the fund according to the tenor of such implied obligation. Mr. Chief Justice Bean, in *Washburn* v. *Investment Co.*, 26 Or. 436 (38 Pac. 621), said: "Where one person receives a fund or property from another, and instead of paying him therefor, is allowed to retain the consideration under an agreement to pay it to the creditor of the other party, * * * it would be just and proper that such third party should have the right to maintain an action on the contract in his own name." The rule is an exception to the general one requiring the existence of privity, without which the contract cannot be enforced: Mr. Justice Strong, in *National Bank* v. *Grand Lodge*, 98 U. S. 123, says: "No doubt the general rule is that such a privity must exist. But there are confessedly many exceptions to it. One of them, and by far the most frequent one, is the case where, under a contract between two persons, assets have come to the promisor's hands or under his control which in equity belong to a third person. In such case it is held that the third person may sue in his own name. But then the suit is founded rather on the implied undertaking the law raises from the possession of the assets than on the express promise."

A case much to the purpose is that of *Hall* v. *Marston*, 17 Mass. 574, wherein, upon the statement contained in the headnote, as follows: "A, being the debtor of B in the sum of $1,300, and also of C in the sum of $400, and being abroad, remitted to B a bill of exchange for $1,000, with directions, when the amount should be received, to pay to C $200," it was held that C thus acquired a right of action against B for the money which A had directed should be paid to him. But that doctrine is so well established it is quite unnecessary to extend the discussion: *Arnold* v. *Lyman*, 17 Mass. 400

(9 Am. Dec. 154); *Mellen* v. *Whipple*, 1 Gray, 317, 322; *Carnegie* v. *Morrison*, 2 Metc. (Mass.), 381, 401; *Bank of the Metropolis* v. *First National Bank*, 19 Fed. 301; *Perry* v. *Swasey*, 12 Cush. 36; *Bohanan* v. *Pope*, 42 Me. 93; *Wyman* v. *Smith*, 2 Sandf. 331; *Donkersley* v. *Levy*, 38 Mich. 54; *Warren* v. *Batchelder*, 16 N. H. 580; *Roberts* v. *Ely*, 113 N. Y. 128 (20 N. E. 606). The action for money had and received is appropriate and commensurate to the purpose: *Hoxter* v. *Poppleton*, 9 Or. 481; *Chapman* v. *Forbes*, 123 N. Y. 532 (26 N. E. 3). See, also, *Roberts* v. *Ely*, 113 N. Y. 128 (20 N. E. 606), and *Hall* v. *Marston*, 17 Mass. 574, and other cases cited.

The statement of the complaint is that McCoy delivered to the Oaksdale Bank the sum of $2,000 to be transmitted to Kitson to apply on the McCoy note, and that the Oaksdale Bank telegraphed it to the Lane County Bank, with instructions to pay the same to Kitson. Now, under the averments, the Lane County Bank would have discharged its obligations to McCoy or the Oaksdale Bank whenever it paid the money to Kitson, and thereupon it would have become the duty of Kitson to apply it upon the note held by plaintiff. The Lane County Bank was not charged with any duty to pay the money to the plaintiff, or to see that it was applied upon McCoy's note. And in this aspect it cannot be said that the Lane County Bank has in its hands funds belonging to the plaintiff which in equity and good conscience it cannot withhold, and hence the complaint is insufficient to support the action. If the Lane County Bank's instructions bound it to the duty of seeing that the money was applied upon the McCoy note, then we presume the law would imply a promise upon the part of the Lane County Bank to pay it to plaintiff, and the action would lie. But if the money was in the meantime recalled or otherwise disposed of by direction of McCoy, and prior to the

commencement of the action, the obligation would not remain to pay it to the plaintiff. In this view, the complaint is otherwise defective in not stating that the defendants still held and retained such money to the use and benefit of plaintiff. Hence there was no error in sustaining the demurrer, but the cause will be remanded for such other and further proceedings as may seem pertinent, not inconsistent with this opinion.

AFFIRMED AND REMANDED.

Decided 19 December, 1898.