Argued December 3, affirmed December 31, 1968

## SCHULZ, *Respondent, v.* STATE COM-
## PENSATION DEPARTMENT,
### *Appellant.*

448 P. 2d 551

*Earl Preston,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and

Wallace Carpenter, Assistant Attorney General, Salem.

*William A. Babcock,* Springfield, argued the cause for respondent. On the brief were Babcock & Ackerman, Springfield.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY, Justices.

LANGTRY, J., (Pro Tempore).

The State Compensation Department (hereinafter referred to as the department), defendant, appeals from a judgment of the circuit court affirming action of the Workmen's Compensation Board (hereinafter referred to as the board), which remanded plaintiff's (hereinafter referred to as claimant) claim for compensation to a hearing officer for further determination of claimed liability.

Claimant had received an injury compensable under the Workmen's Compensation Act of 1965 and on January 3, 1967, the department made a determination of the compensation he should receive. On June 8, 1967, he petitioned for a hearing pursuant to the act, and a hearing was scheduled for September 15, 1967. At the beginning of the hearing the department and claimant agreed on a settlement and a stipulation was written in longhand and subscribed by claimant and respective attorneys, which the hearing officer approved.

The stipulation provided:

"* * * [T]he claimant is entitled to an award for permanent partial disability equal to 5% loss on an arm for an unscheduled disability * * *.

"Attorneys fees are based on 25% of the increase in the award."

On October 3, 1967, pursuant to ORS 656.289, the hearing officer entered an order making an award based on the stipulation and dismissing the request for hearing. On October 31, 1967, claimant filed with the board a request for review claiming that when he made the stipulation he misunderstood it; that he had not been released by his physician to return to work; and that due to the injury he was still unable to work. He alleged his medical expenses were now more than $1,000; that he was in need of continued medical care; and that he was permanently and totally or permanently partially disabled. His allegations were supported by his attached affidavit. Principal among the allegations of the affidavit was that at the time he stipulated he understood he would immediately return to his old job, but that when he tried to do so the physician for the employer refused to send him back to work because of his disability, and it appeared that he would not be able to get other work he could do for the same reason.

It appears that the money allowance made pursuant to the stipulation was $395.75, and after deduction of attorney fees claimant's net was $299.07, and that at the time of the stipulation there were unpaid medical bills of $672.30 for which the department was responsible.[1]

The board, after reviewing claimant's request and affidavit, on January 4, 1968, remanded the case to the hearing officer, stating in its order:

"The problem is complicated by the withdrawal

---

[1] The record shows the hearing officer had 12 exhibits which are not in the appeal record. Claimant's counsel asserts in his brief $672.30 is the amount of the medical bills then due, and the department has not challenged this statement.

of counsel for claimant who participated in the agreed settlement. Subsequent withdrawal of counsel who in good faith participated in such a disposition of a claim is understandable.

"'* * * * *

"In the instant case, the stipulation leaves much to be desired and the Board is inclined to believe that all of the terms of the settlement were not incorporated in the written document. Under the broad authority of the Board pursuant to ORS 656.295(5) the matter is remanded to the Hearing Officer for hearing upon the merits of the extent of permanent partial disability, if any, suffered by the claimant."

It is from this order that the department's appeal was taken. The department poses the primary question to be whether the board can set aside "a stipulated order settling the controversies between the parties" in the absence of fraud, mistake, or any of the other causes upon which releases are nullified by courts. It also questions whether the board can consider an affidavit such as claimant used to support his request for review. We do not agree that such questions are involved.

The statutes under which this case was tried are new, having been enacted in 1965. The act, generally, became effective on January 1, 1966. The department is a separate entity from the board. The hearing officers work for the board (ORS 656.724) and their findings are subject to review of the board. ORS 656.295. ORS 656.289(3) provides that an order of a hearing officer shall become final unless a request for review by the board is made within 30 days. Claimant's request in this case was made in less than 30 days.

ORS 656.295(1) states that such a request "need only state that the party requests a review * * *." Subsection (5) provides "review by the board shall be based upon the record" and "if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the hearing officer, it may remand the case to the hearing officer for further evidence taking, correction or other necessary action."

Subsection (6) provides that the "board may affirm, reverse, modify or supplement the order of the hearing officer and make such disposition of the case as it determines to be appropriate * * *."

The parties have devoted much of their argument to the meaning of the following two sections of the new law.

ORS 656.236(1) provides:

"No release by a workman or his beneficiary of any rights under ORS 656.001 to 656.794 is valid."

ORS 656.289(4) provides:

"(4) Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a hearing officer, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

There was no dispute about compensability of the claim in the instant case. The dispute was as to the extent of the disability. The provisions of ORS 656.236 speak only in terms of "release." The stipulation quoted above did not purport to release anything. It merely agreed that claimant was entitled to a certain award. It became the basis of the hearing officer's

order. As the board observed, it "leaves much to be desired."[②]

■ It is clear from the purport of the entire act of 1965 that it was enacted in that spirit, or public policy, inherent in workmen's compensation statutes which will not bind the workman to an agreement regarding compensation which materially overlooks his loss and expenses resulting from the injury, or his disability, regardless of how well advised or observant he may have been at the time he entered into it. The fundamental thought behind this public policy is that workmen's compensation plans are made not only for the humane purposes of providing medical care and income for injured and disabled workmen and to aid in maintenance of a stable group of workmen, but to benefit the public by having a fund administered in such a way

---

[②] No Oregon Supreme Court case involving validity of settlement or releases under the former Oregon Workmen's Compensation Law, or the 1965 Act, was cited to or found by the court. One federal court case and several Oregon Supreme Court cases involving the former law are relied upon by the department. In the federal case, Reinhardt v. Weyerhaeuser Timber Co., 144 F2d 278 (9th Cir 1944), the employer had rejected the act, its employee was injured, and its adjuster obtained the employee's release of claim. The federal court upheld the release when the employee tried to set it aside. The case is not in point here for (1) it was decided under a different law which had no prohibition against releases in it such as this one has; (2) the employer there had rejected the act and was not subject to its procedural aspects, but the employer here is under the act with its carefully detailed procedural rules; and (3) there the court completely failed to consider the public policy underlying workmen's compensation laws. For these reasons, while cases such as *Reinhardt*, supra; Broad v. Kelly's Olympian, 156 Or 216, 66 P2d 485 (1937); and Whitehead v. Montgomery Ward & Co., Inc., 194 Or 106, 239 P2d 226 (1951), where the former act was rejected by the employer, and Wheeler v. White Rock Bottling Co., 229 Or 360, 366 P2d 527 (1961), quite properly use common law rules for judging validity of releases, they simply do not apply in the context of cases like this, even if the stipulations in them really are attempts to release the department from responsibility in compensable cases.

that workmen will not be unemployed on account of injury or disability without treatment and basic income. An important facet of this is that if workmen were not thus aided they and their families often would become public charges. See 2 Larson, Workmen's Compensation Law 342-43, § 82.41 (1961); 8 Schneider, Workmens Compensation Text 530-31, § 1869 (1951).

■ The board by statute has broad authority. It is of no importance here whether, when it took action in this case, it referred to the affidavit attached to claimant's request or confined itself to its own record and his request. The face of the record shows a probability of inadequacy in what was awarded as compared to what the law provides. This probability justified the action which the board took. The order of the circuit court is affirmed and the appeal is dismissed. Costs to claimant.