St. Paul Fire & Marine Ins. Co. *v.* State, Department of
Natural Resources, Division of Forestry &
Reclamation, et al.

[Cite as St. Paul Fire & Marine Ins. Co. v. State (1970),
25 Ohio Misc. 26.]

(No. 53073—Decided November 12, 1970.)

Common Pleas Court of Lake County.

*Mr. John M. Baker* and *Messrs. Weston, Hurd, Fallon,
Sullivan & Paisley,* for plaintiff.
*Mr. Paul W. Brown,* attorney general, and *Mr. Gilbert
L. Krone,* for defendant State of Ohio.

*Mr. Paul H. Mitrovich,* for defendant Lake County Metropolitan Park District.

SIMMONS, J.   Defendant State of Ohio, Department of Natural Resources, and defendant Lake County Metropolitan Park District have moved the court to quash service of summons upon them for two reasons: (1) That defendants are not necessary parties to this declaratory judgment action and (2) that defendants partake of governmental immunity from suit and may not be sued without their consent, which has not been given.

After considering the motions, supporting and opposing briefs and the law, both are overruled with exceptions to defendants.   They are given leave to plead to the complaint by November 26, 1970.

Question 1: *Are defendants necessary parties to this suit?*

R. C. 2721.12 defines "necessary parties" as all persons "who have or claim any interest which would be affected by the declaration." The status of these defendants according to this definition must be determined from the allegations of the complaint and all other collateral facts about which this court may take judicial notice. From an examination of the complaint the question stated above should be restated to this:

Does a party claiming injury at the hands of an insured have an interest which would be affected by the declaration of rights and liabilities under the insurance policy?

I would suppose no disagreement with the statement that if A upon good consideration promises B to pay C a sum which B owes him, C would be a necessary party to an action by A for declaratory judgment that he is not liable under his promise.

Substitute an insurance liability contract for the third party beneficiary contract, identify A as the insurer, B as the insured and C as an injured party, should there be any different opinion as to C's status in that suit?   I think not —not by law or reason. *Nationwide Ins. Co.* v. *Simpson,*

80 Ohio Law Abs. 33; Appleman "Insurance Law and Practice," Volume 20, page 166.

Not by law because an injured party has an equitable interest in his tort-feasor's assets such that he is deemed a creditor. He may set aside his wrongdoer's fraudulent conveyance even before he reduces his claim to judgment. *Foster* v. *Gibson*, 120 Ohio App. 235.

Rights under an insurance policy are assets of a policyholder and the latter may not impair them by agreement with the insurer without the insured's consent. R. C. 3929.04; *Arnold* v. *Stern*, 138 Ohio St. 352, Dissent of Judge Turner.

Nor does reason suggest the injured party is unaffected by such suit. In many situations the presence or absence of a liable insurer is the difference between a worthwhile and a worthless claim, a collectible and an uncollectible judgment. This is no petty consideration.

To say as did the appellate court in *Celina Ins. Co.* v. *Sadler*, 6 Ohio App. 2d 161, that the injured party has no interest apart from that of the insured which the latter cannot adequately defend, simply ignores reality. The vigor with which an insured opposes an insurer's attempt to limit or nullify its coverage—and often the success of the opposition—is directly proportional to his financial worth. The more he owns the more he fights.

To make an injured person's financial fate hang on a balance sheet is repugnant to the ideal of justice.

The rule I favor is this: A person claiming to have been injured, personally or in property, and claiming a right of action against an insured has an interest which will be affected by the decision in an action for declaratory judgment whenever an insurer asks for a determination that it has no liability or only restricted liability to pay any judgment which the injured person may secure against the insured.

In such case the injured person is a necessary party to the action and in his absence no judgment may be rendered. Appleman, "Insurance Law and Practice," Volume 20, Section 121. The presence of all necessary parties is essen-

tial to the very jurisdiction of the court and the absence of one such party constitutes a jurisdictional defect which precludes the court from rendering a declaratory judgment. *City of Zanesville* v. *Zanesville Mfg. Company*, 159 Ohio St. 203.

Applying the rule to this case and its precursor, No. 50457, "State of Ohio vs. Sperry Road Sand and Gravel Company," I find it squarely fits. The moving defendants claim property damage caused by the insured of St. Paul and Travelers Insurance Companies in that case and seek money damages. According to the allegations of St. Paul in this case, it has provided coverage for the claim but has reserved all right to challenge coverage later. Travelers has rejected requests that it supply a defense and apparently denies liability coverage altogether. The state and Lake County both have interests, therefore, which will be affected by a declaration here and are necessary parties to this action.

Question 2: *Having said they are necessary parties, are they immune from joinder as parties defendant in this case?*

The county is merely an agency of state government and both are immune from suit without their consent, absent statutory authorization, 49 Ohio Jurisprudence 2d "State of Ohio" 682. But both waive this immunity when they make a voluntary appearance in court as a property owner. They come into court "shorn of (their) attributes of sovereignty." *State* v. *Executor of Buttles*, 3 Ohio St. 309.

True, neither initiated this action and are here involuntarily. Nevertheless, this case is inextricably linked with the other suit which they initiated. The two are tied by a legal umbilicus that makes them one entity, though divisible, as surely as mother and fetus.

I conclude the state and county have waived their immunity to the extent necessary to bind them under *res judicata* by the declaration which will issue here.

There is another rule that defeats the immunity claim. As previously noted, the statute requires that all affected

persons be joined. No exception for the state or a county is mentioned. While the state is not included in the definition of "person" in R. C. 2721.01, neither is "county." Yet courts have held counties amenable to compulsory joinder in declaratory judgment actions, *City of Zanesville v. Zanesville Mfg. Company (supra)*, and though the state has not been compelled to join in any previous case known to me, yet reason dictates that they be compelled in an appropriate case to satisfy the statutory dictate that all persons having affected interests be present.

The dilemma is a real one and can only be resolved either by penetrating the immunity blanket to this limited extent or by denying private parties the complete relief for which declaratory judgment actions were devised. See Anderson "Declaratory Judgments," Second Edition, Volume 1, Page 348.

Beyond all rules lies reason and reason says the immunity claim should be rejected; first because as I have said they are necessary parties to this action and a full judgment would have to be denied in their absence. Secondly, because the immunity doctrine was conceived and is excused as a necessary protection against harassment by suit and loss of public funds by judgment. Neither purpose is involved here. The state and county came to this court initially of their own volition and nothing is being asked of them in this case except their presence so that whatever declaration emerges binds all affected. Retaining them as parties imposes no threat to either, not even legal expense, for they may remain totally passive throughout the course of this case if they wish.

The length of this opinion is perhaps not justified by its consequences, for we have here not the typical case of parties asking to be joined to defend against damaging claims, but parties seeking release where no direct judgment is being sought against them. My excuse is that the questions partake of an importance beyond the identities of the parties here and will and should have a bearing on future cases where the same questions are asked.

*Motions overruled.*