Argued April 18, affirmed August 27,
reconsideration denied November 15,
petition for review denied December 11, 1979 (288 Or 173)

GREENWADE,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 77-4833, CA 12509)

598 P2d 1265

Argued and submitted April 18, 1979.

Dan O'Leary, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem, and Stephen D. Brown, State Accident Insurance Fund, Medford.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this workers' compensation appeal is whether a stipulated order of settlement of a disputed claim should be set aside.

The claim arose on June 16, 1975, when claimant suffered a stroke while at work in employer's plywood plant. A worker's report of injury form was filed but on August 13, 1975, the Fund denied the claim on the basis that claimant's injury was not aggravated by nor related to his employment activities. Claimant then contacted his attorney and on August 25 requested a hearing on the denial of compensability.

Prior to hearing, the attorney consulted with claimant, his wife and physician. The attorney concluded after these discussions that the medical testimony needed to establish the connection between claimant's injury and his on-the-job activities was not present. After assessing the case, the attorney recommended settlement of the disputed claim.

On January 6, 1976, claimant and the Fund presented a stipulated settlement to a referee. The settlement provided, *inter alia,* claimant was to be paid $2,000, that the Fund did not expressly or by implication accept responsibility for claimant's injury and that the denial of compensability would remain in effect forever. The referee found there was a bona fide dispute regarding compensability of the claim and approved the stipulated settlement. Claimant has incurred approximately $6,000 in medical expenses.

Subsequent to the settlement, claimant's treating physician, after further tests, concluded claimant's injury was work related. This was contrary to his initial opinion. On June 19, 1977, claimant, through his new attorney, made a demand on the Fund for temporary total disability compensation. Claimant asserted that the new medical evidence demonstrated his stroke was causally related to his employment. The Fund denied the claim and claimant requested a

hearing. The principal issue at the hearing was whether the stipulated settlement should be set aside and compensation awarded. The referee and the Workers' Compensation Board denied the claim on the basis of the prior settlement. Claimant appeals.

Claimant makes three contentions: first, that the settlement should be set aside because the rights released in terms of compensation for the injury are disproportionate to the settlement received; secondly, the settlement should be invalidated because claimant was incompetent at the time he signed the stipulation; and third, the order accepting the settlement is invalid because it did not contain a recital of claimant's appeal rights. We discuss these questions in the order presented.

Claimant first argues that settlements made pursuant to ORS 656.289(4) are reviewable and may be set aside if the settlement recovery is grossly disproportionate to the rights of compensation relinquished. The essence of the argument is that claimant's injuries are substantial and that he has incurred medical expenses and wage loss in excess of the $1,500 recovered in the settlement.[1] The argument is based on the Supreme Court's decision in *Schulz v. Compensation Department,* 252 Or 211, 448 P2d 551 (1968).

In *Schulz* the claimant and the department entered into a stipulation regarding the amount of compensation. There was no dispute that the injury was compensable. Claimant filed a request for review of the order setting compensation in the stipulated amount. He contended that when the stipulation was made he misunderstood it; that he had not been released to return to work; that due to the injury his medical expenses were in excess of the amount received by the stipulation and that he was permanently disabled and unable to return to work. The Workers' Compensation

---

[1] The settlement ordered by the referee provided claimant was to receive $1,500 and his attorney $500.

[700]

Board set aside the stipulated settlement and remanded the case to the referee to determine the extent of claimant's disability.

The Supreme Court upheld the Board's order stating the worker is not bound by an agreement as to compensation that materially overlooks his loss and expenses resulting from his injury. The court distinguished between settlements regarding disputed compensability and disputes as to the extent of disability. The implication of *Schulz* is that the two types of settlements are to be treated differently.

When a worker makes a claim for compensation for an injury there are two distinct issues involved. The first is whether the claimed injury is compensable, *i.e.,* whether it arose out of and in the course of the worker's employment. Only if that issue is determined favorably to the claimant does the second issue arise as to the amount of benefits to which the worker is entitled. On the other hand, if it is determined the injury is not compensable no compensation is due regardless of the extent of the injury or the worker's disability. Consequently, the argument that a settlement regarding a dispute as to compensability should be set aside because of the extent of the worker's disability compares apples and oranges.

■ A dispute as to whether a claimed injury is covered by the Act is determined based on the available evidence regarding whether the injury arose out of and in the course of claimant's employment. The extent of disability resulting from the injury plays no part in this determination.

■ ORS 656.289(4) authorizes the parties, with approval of the hearings officer, Board or court, to settle a dispute as to the compensability of the claim. This expresses a legislative policy for settlement of dispute as to compensability without the necessity of litigation. Once an agreement is reached to resolve this dispute the parties are bound by the agreement. If the agreement can be set aside on the basis that claimant's

disability is greater than the settlement amount, there would be little incentive for employers and insurers to enter into such agreements.

■ While claimant does not argue the stipulated settlement was obtained by fraud, he contends he was incompetent at the time he signed the stipulation and it should be set aside on that ground. Our review of the record convinces us claimant was competent to make a contract at the time he signed the stipulation.

■ Claimant's final contention is that the order approving the settlement is invalid because it did not contain a recital of claimant's appeal rights as required by ORS 656.295(8). He argues that the order is defective and must be set aside, citing *Petty v. SAIF*, 6 Or App 636, 488 P2d 1201, *rev den* (1971). We held the order in *Petty* gave an inadequate and confusing recitation of claimant's appeal rights and that claimant was entitled to a hearing despite the fact his request was not timely. Assuming for the purposes of discussion that the order in this case was defective in not explaining claimant's right to appeal, the remedy is not to invalidate the order but to accord claimant a hearing. Claimant was in fact given the hearing he requested and the Fund does not contend the request was untimely. There is no further relief that could be granted.

Affirmed.