Argued and submitted November 16, 1979,
reversed and remanded April 14, 1980

ADAMS,
*Respondent,*

*v.*

TRANSAMERICA INSURANCE GROUP,
*Respondent,*
*and*
WHITT,
*Appellant.*

No. 109639, CA 14373)

609 P2d 834

Richard T. Kropp, Albany, argued the cause for appellant. On the brief were J. David Kryger and Emmons, Kyle, Kropp & Kryger, Albany.

Gary K. Jensen, Eugene, argued the cause and filed the brief for respondent Adams.

Samuel C. Justice, Portland, argued the cause for respondent Transamerica Insurance Group. On the brief were James H. Gidley and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges, and Tongue, Judge Pro Tempore.

**BUTTLER, P. J.**

## BUTTLER, P. J.

In this action, an attorney, on his own behalf, seeks a judgment declaring the rights of the parties under a referee's order approving a settlement for $27,500 of a purported "bona fide dispute over compensability of a claim" by a worker under ORS 656.289(4) of the Workers' Compensation Act. The complaint alleged that the "own motion" order made by the Workers' Compensation Board setting aside the settlement, together with its approval by the referee, as a release prohibited by ORS 656.236[1] was void. The prayer was for a determination that the settlement agreement was valid.

The complaint named as parties defendant Mr. Whitt, the worker, who had been represented by plaintiff as his attorney in the proceedings before the referee, and Transamerica Insurance Group, the insurance company for the worker's former employer that paid the $27,500 to plaintiff and his client after approval of the settlement by the referee.

The answer filed by Whitt denied the allegations of the complaint and asked that it be dismissed. It also alleged as affirmative defenses that the settlement was a release prohibited by ORS 656.236 which was properly set aside by the Board and that the attorney's fees in the sum of $6,875 charged by plaintiff and received by him from the $27,500 settlement exceeded the maximum of $4,000 permitted under the rules of the Board and should be "set aside without regard to the remainder of the claim." The answer of Transamerica admitted the validity of the settlement and

---

[1] ORS 656.236(1) provides:

"No release by a worker or his beneficiary of any rights under ORS 656.001 to 656.794 is valid."

ORS 656.289(4) provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

[771]

asked that it be approved. By counterclaim and cross-complaint, it asked for return of the $27,500 it paid to plaintiff and Whitt if the settlement were held to be invalid.

Plaintiff's reply denied the affirmative defenses of defendant Whitt and also alleged that he had breached the settlement agreement by demanding repayment of the $6,750 in attorney's fees, and prayed for judgment against defendant Whitt in that amount.

The court, after hearing testimony, entered a decree which "declared null and void" the Board's order setting aside the order of the referee, and held that the referee properly approved the settlement as a "settlement of a bona fide dispute on the compensability of William R. Whitt's workers' compensation claim [under ORS 656.289(4)]" and "was not a release under ORS 656.236." The decree also determined that the order of the Board was void because the Board "did not act within the time framework of ORS 656.289(3)," and "did not notify the parties of a right tò a hearing under ORS 656.278(3)" and "did not proceed under its own Board rules in acting on its own motion."[2]

In addition, the decree awarded plaintiff $4,000 in attorney's fees for services relating to the proceedings

---

[2] ORS 656.289(3) provides:

"The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board under ORS 656.295. When one party requests a review by the board, the other party or parties shall have the remainder of the 30-day period and in no case less than 10 days in which to request board review in the same manner. The 10-day requirement may carry the period of time allowed for requests for board reviews beyond the 30th day. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.295."

ORS 656.278(3) provides:

"The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital care. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."

for approval of the settlement (in conformity with regulations by the Board), but held that it was "without jurisdiction over the matter of the additional $2,875 attorney's fees received by" plaintiff.[3] Defendant Whitt appeals.

At the outset, we note the unusual posture of this case as we view it. The purpose of plaintiff's complaint is to declare that the Board acted without authority because the referee's order became final after the expiration of 30 days from its entry, no appeal having been filed, ORS 656.289(3), and the Board was not authorized to act on its own motion because the five year period during which the claimant could file an aggravation claim under ORS 656.273 had not expired. (*See* ORS 656.278(2).)

We need not decide whether the Board had authority to act[4] because the fact is that the Board did so by entering an order on its own motion (ORS 656.278(1)) and there was no appeal from that order to this court, which is the exclusive appellate tribunal from Board orders. ORS 656.298. The Board sent written notices to all of the parties (that is, claimant, the employer, its insurer) and also to counsel for all of them, including plaintiff, advising them of its concern that the settlement was a prohibited release and of its intention to review the settlement; it requested briefs on the issues presented. None was submitted. The Board's order set

---

[3] It appears from the record that the petition submitted by plaintiff to the referee requesting approval of the settlement of $27,500 did not state, either by amount or percentage, the attorney fees payable to plaintiff. It also appears that plaintiff's contention that defendant Whitt had agreed to an attorney fee of 25 percent, or $6,875, was based upon his cashing of the check in the sum of $20,625 as delivered to him by the plaintiff after approval of the settlement by the referee.

[4] We note, however, that ORS 656.278(1) purports to give the Board broad powers under its continuing jurisdiction over orders and awards. Whether the language of subsection (2) is intended to limit that authority or is intended to avoid the no right to a hearing provision of subsection (3), we need not decide here.

aside the settlement[5] contrary to the desire of the insurer. The insurer could have requested a hearing, but did not do so. As an aggrieved party, it could have, but did not appeal, and that order became final, ORS 656.295(8), as to it and the other parties.

Because plaintiff was not a party, ORS 656.005(22), he could not have appealed the Board order. Theoretically, then, plaintiff is the only one of the parties to this proceeding who might be able to challenge the Board order in an independent proceeding such as this. However, plaintiff was the attorney for defendant Whitt in negotiating and obtaining approval of the settlement agreement in question with respect to Whitt's workers' compensation claim. After the agreement was executed, Whitt had second thoughts and contended that the settlement agreement was void as a release prohibited by ORS 656.236(1) and, on his own, asked the Board to set it aside. After the Board determined that the settlement agreement was void as a prohibited release, plaintiff commenced this suit, the thrust of which is to require his former client, Whitt, to abide by the settlement agreement in order that plaintiff may retain his alleged entitlement to attor-

---

[5] The record is clear that the dispute was not over "compensability," which had been previously established, but was a dispute over *the extent of Mr. Whitt's present disability* as the result of a difference in medical opinions —one doctor's opinion being that Mr. Whitt, who had been found to be permanently and totally disabled (PTD) in 1974, was now "capable of physically performing work of a sedentary nature," while another doctor's opinion was that Mr. Whitt was still a PTD. *See Schulz v. Compensation Department*, 252 Or 211, 215, 448 P2d 551 (1968); *cf. Seeber v. Marlette Homes, Inc.*, 30 Or App 233, 566 P2d 926 (1977); *Greenwade v. SAIF*, 41 Or App 697, 598 P2d 1265, *rev den* 288 Or 173 (1979). In fact, the "Joint Petition and Order of Dismissal of Hearing Upon Settlement of Bona Fide Dispute," which constitutes the agreement in question, recites those very facts as being the basis of the dispute. Nowhere does that document state that there is a dispute as to compensability, although it recites that it is "being filed pursuant to ORS 656.289(4) authorizing reasonable disposition of disputed claims." Although the agreement does not use the word "release," it provides that upon its approval and "dismissal of the hearing, all claims which claimant has or may have against respondent * * * in connection with this claim * * * resulting from the injury of 12-11-74, for benefits under Oregon's Workers' Compensation Law are thereby and thereafter precluded * * *."

ney fees based upon the amount of the settlement. To permit plaintiff to maintain this suit would be to permit an attorney to take action in direct conflict with the wishes of his former client and perhaps contrary to the best interests of that client to the sole advantage of the attorney.

As a general proposition, an attorney has no interest in a settlement agreement independent of that of his client.[6] If the attorney is entitled to attorney fees he may maintain an action against his client for those fees. However, he does not have standing to maintain this suit, in the absence of any claim of collusion between claimant and the insurer, or fraud. No such contentions are made here, and, in fact, the insurer desires that the settlement be upheld. In *Jackson v. Stearns*, 48 Or 25, 84 P 798, 5 Lns 390 (1906), the court held that an attorney could not maintain a separate suit to enjoin a settlement between his client and the defendant in a law suit commenced by the client. However, the court indicated that if, as appeared to be contended in the complaint in that case, there was collusion between the client and the defendant designed to defeat the attorney's right to fees, the attorney had a right, upon notice to the parties, to continue the pending litigation to the extent necessary to collect his fees.

We recognize that the question of plaintiff's standing has not been raised and under ordinary circumstances would be waived. However, we view the issue as one involving an overriding public policy, and because it appears on the face of the record we cannot ignore it. We hold that plaintiff does not have standing to maintain this action. Therefore, the circuit court

---

[6] There may be circumstances where an attorney makes a settlement on behalf of his client reasonably believing that he has authority to do so, and so warrants to opposing counsel; if the client backs out claiming his attorney was not so authorized the attorney might reasonably claim an interest in compelling settlement if he could be held personally liable for the breach. That is not the case here.

should have dismissed it. Accordingly, we reverse and remand to the

**GILLETTE, J.,** specially concurring.

I concur in the result reached by the majority and in much of its opinion. However, I hold a different view as to some of the questions discussed, and I specifically disagree with part of the position taken by the dissent. Accordingly, I take this opportunity to state my separate views:

## POSTURE OF THE CASE

This case is, in reality, an appeal from an order of the Workers' Compensation Board. Such appeals are governed by ORS 656.298(1). They may only be taken by a 'party' and they come to this court. "Party", as defined in ORS 656.005(22), cannot include plaintiff here.[1]

With this much the majority appears to agree, but it then goes on to discuss the case as if there were some way plaintiff here might still collaterally attack the Board's order. With respect, I disagree. The Board's order is final; it cannot be disturbed.[2] Any analysis arrived at determining whether the Board's order was correct is therefore beside the point. I would not go on to discuss what lawsuits plaintiff might bring against other parties.[3]

---

[1] This is the short answer to the dissent's argument that plaintiff has not sought to appeal the Board order to this court "nor offered any explanation why he has not done so."

[2] It is for this reason that the dissent is incorrect in suggesting that, because the insurer now wished to have the settlement agreement declared valid, the court had jurisdiction to hear this case. The insurer was a party to the Board proceeding, and is bound by it.

[3] I do note, however, that plaintiff may now be foreclosed from bringing a proceeding under any other theory. *See Gittlesohn v. City of Cannon Beach,* 44 Or App 247, 605 P2d 743 (1980); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975).

## THE BOARD AS A NECESSARY PARTY

It also seems to me to be important to discuss, however briefly, the dissent's suggestion that the Board was a necessary party in this case. It was not. It had decided a matter and the time for appeal from its decision had passed. It had no more interest in the matter it had decided than a trial court would have in separately appearing in the appeal of a tort action it had decided.

The dissent's reliance upon *Pike v. Allen International Ltd.*, 287 Or 55, 597 P2d 804 (1979), also seems to me to be misplaced. That case held that the Oregon Liquor Control Commission was a necessary party to a declaratory judgment proceeding in which the central issue was the meaning of a statute the commission was obliged to interpret and enforce. Recognition of an agency's interest as an administrator obligated to enforce a statute and to promulgate rules pursuant to that statute is a far cry from suggesting that the same agency has some further interest after it had made a routine quasi-judicial decision.

With the foregoing reservations, I concur in the result reached by the majority.

## TONGUE, J.

This is an action for a declaratory judgment that an order made by the Workers' Compensation Board was void. The Workers' Compensation Board was not made a party defendant.

The majority may be correct in holding that plaintiff had no standing to bring this action. The question of standing, however, does not go to the jurisdiction of the court. Objections to standing may be waived. No objection was made by any party to the standing of the plaintiff to bring this case, either in the trial court or in this court. Also, as recognized by the majority, the insurer had standing and also desired to have the

validity of the settlement agreement decided by the court. Thus, neither party has had an opportunity to be heard on the question which has been decided by the majority, sua sponte, as the basis for its opinion in this case.

Also, and with all due respect to the majority, I am of the opinion that this court has no jurisdiction to decide whether plaintiff had standing to bring this action because the trial court had no jurisdiction to determine the validity of that order by the Workers' Compensation Board in its absence as a party to this case.

ORS 28.110 provides:

"When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard." (Emphasis added)

In addition, ORS 28.060 provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In *Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125 (1957), the court considered these statutory provisions at some length and held (at 202):

"In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to make a declaration unless all persons 'who have or claim any interest which would be

[778]

affected by the declaration' are parties to the proceeding. Otherwise, there is no 'justiciable controversy' within the meaning of the statute."

*See also* Annot. 71 ALR 2d 723 (1960).

The Oregon Supreme Court recently reaffirmed this rule in *Pike v. Allen International Ltd.*, 287 Or 55, 59-60, 597 P2d 804 (1979), and held that it is applicable in a case in which a declaratory judgment is sought to declare invalid an order by a state administrative agency which had not been made a party to the proceeding.[1]

The Workers' Compensation Board is a state agency which clearly has an "interest which would be affected" by an action for declaratory judgment brought for the purpose of seeking a decision declaring that the Board had "no authority to act" when it issued the order in question. In addition, the Board has acted on the specific matter in controversy in this case.

It follows, in my opinion, that because no "justiciable controversy" was presented by this complaint within the meaning of the Uniform Declaratory Judgments Act, the circuit court had no jurisdiction to enter its decree in this case. It also follows, in my opinion, that this court also has no jurisdiction to undertake to determine whether plaintiff had standing to bring this action.

In such a case this court has jurisdiction only to decide, in its discretion, whether to dismiss the proceeding or to remand the case to the circuit court with

---

[1] See cases and authorities cited in *Pike v. Allen International Ltd.*, 287 Or 55, 60, n. 3, 597 P2d 804 (1979), as follows:

"* * * courts in other states construing the Uniform Declaratory Judgments Act have held the word 'person' to include states, state agencies and state subdivisions. *See, e.g., St. Paul Fire & Mar. Ins. Co. v. State, Dept. of Nat. Res.,* 25 Ohio Misc 26, 265 NE 2d 814, 817-18 (1970); *City of Lincoln v. First Nat. Bank,* 146 Neb 221, 19 NW 2d 156, 158 (1945); *State v. General American Life Ins. Co.,* 132 Neb 520, 272 NW 555, 557-58 (1937). *See also* Anderson, Actions for Declaratory Judgments, 2d ed., 349, § 179 (1951), and *Cabell et al v. Cottage Grove et al,* 170 Or 256, 261, 130 P2d 1013 (1943)."

leave to allow the absent party to be made a party to the proceeding. *Pike v. Allen International Ltd., supra;* 1 Anderson, Actions for Declaratory Judgments, § 168, pp 325-28 (1951); 22 Am Jur 2d, Declaratory Judgment, § 80, pp 943-44 (1965). *See also Stanley, Adm. v. Mueller, supra,* at 210.

Finally, the Workers' Compensation Law provides procedures for obtaining review of orders by the Workers' Compensation Board. Aggrieved persons may request a hearing (*See* ORS 656.283), or in appropriate cases appeal Board orders to the Court of Appeals. (*See* ORS 656.298). Plaintiff has sought neither remedy nor offered any explanation why he has not done so.

Until 1977 all appeals from orders by the Workers' Compensation Board were taken to the circuit courts. ORS 656.298 was amended by the legislature in 1977, substituting the Court of Appeals as the appellate tribunal. 1977 Or Laws, ch 804, § 11. Under the terms of ORS 656.298, this court now has exclusive jurisdiction over all appeals from orders by the Workers' Compensation Board. It follows that the circuit courts now have no jurisdiction over appeals from orders by the Board to determine the validity of such orders. This is a further reason, in my opinion, why both the circuit court and this court had no jurisdiction in this case.

For these reasons I must dissent from an opinion which assumes jurisdiction in this case.