RICHARDSON, P. J.
Claimant seeks review of a Workers’ Compensation Board order upholding the validity of a disputed settlement agreement and denying his aggravation claim. We conclude that the agreement is valid under ORS 656.236 and that the Board did not err in denying claimant’s aggravation claim.
Claimant has a long history of back ailments; however, we recite only those conditions pertinent to the issues on review. In 1974, he was involved in a work related car accident which resulted in acute lumbar and cervical strains. Spinal x-rays taken in conjunction with treatment showed degenerative osteoarthritis and spondylosis. In October, 1976, he was awarded 15 percent permanent partial disability for back strain.
In 1977, claimant began work as a truck driver for North Santiam Paving Co., which was insured by SAIF. He filed an aggravation claim on December 3,1980, complaining that his back condition had worsened from driving over rough roads. SAIF denied that claim, as well as a second claim filed by his treating physician in March, 1981. Both denials were consolidated for hearing, and the referee concluded that claimant’s back complaints were caused by work conditions and that he had an occupational disease. The resulting 1982 order was not appealed.
Claimant’s back pains increased, prompting him to file two aggravation claims, which were denied. The parties executed a disputed claim settlement on March 16,1984:
“The parties DO HEREBY STIPULATE AND AGREE that their [sic] exists between them a bona fide dispute as to the compensability of the osteoarthritis and they do hereby desire to settle their differences and do hereby agree that SAIF will pay unto the claimant the sum of $7,720 in full and final settlement of claimant’s request for hearing concerning the partial denial of October 12,1983, * * * and that SAIF will have no further responsibility for any medical treatment or compensation resulting from osteoarthritis to the claimant’s back; and
“IT IS FURTHER HEREBY STIPULATED AND AGREED that the claimant shall hold SAIF harmless for any responsibility for any past medical treatment for claimant’s *249 osteoarthritis and farther agreed that claimant will be responsible for the cost of said medical treatment for the osteoarthritic condition, both in the past and in the future.”
In April, 1984, claimant filed another aggravation claim. SAIF rejected it, because it concluded that the 1984 agreement settled all claims arising from claimant’s osteoarthritic condition.[1] Claimant did not contest the validity of the agreement, but contended that the condition for which he received compensation in 1982 had worsened. The referee, on his own, raised the issue of the validity of the agreement and then ruled that the agreement was invalid under ORS 656.236 and that the condition had worsened. On appeal, the Board reversed the referee on two bases: first, the agreement was a valid disputed claim settlement which precluded claims based on the osteoarthritic condition; and, second, claimant had failed to prove any worsening of a compensable injury.
Claimant first contends that the Board’s reinstatement of the 1984 agreement and SAIF’s reliance on it to deny his claim was error. ORS 656.236(1) provides:
“No release by a worker or beneficiary of any rights under ORS 656.001 to 656.794 is valid.”
That provision is intended to protect injured workers and the public at large. Schulz v. Compensation Department, 252 Or 211, 216-17, 448 P2d 551 (1968). However, ORS 656.289(4) allows settlement of claims:
“Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable.” (Emphasis supplied.)
See Greenwade v. SAIF, 41 Or App 697, 701, 598 P2d 1265, rev den 288 Or 173 (1979).
Claimant suggests that there was no bona fide dispute as to the compensability of his osteoarthritis, because that *250 condition was determined to be compensable in the 1982 order which was not appealed. Consequently, he contends that the settlement was invalid. SAIF argues that the 1982 order and 1984 agreement cover different issues regarding petitioner’s osteoarthritic condition. The order, it argues, concerns only job related acceleration of the arthritic condition, while the agreement covers preexisting osteoarthritis and any natural progression. After reviewing the 1982 order and agreement, we conclude that, under the circumstances in 1984, a bona fide dispute as to SAIF’s responsibility for claimant’s osteoarthritic condition existed.
The legislature has specifically authorized certain types of settlements under ORS 656.289(4). Settlements are to be encouraged within the limits of the statute and should be set aside only if they clearly violate the statute. As required by ORS 656.289, the referee authorized the settlement agreement here after determining that a bona fide dispute existed and that the settlement was reasonable. The 1982 referee’s order concluded:
“Degenerative arthritic changes appear in the medical records as far back as September 1975. Nor do I understand the reasons for Dr. Degge’s conclusion that the osteoarthritis is not related to the claimant’s work.
“I am persuaded * * * that the degeneration in the claimant’s back * * * was accelerated by the claimant’s work for Santiam in 1980 and March 1981.”
It is not quite clear what the referee found to be compensable. He noted that there was little doubt that claimant’s multiple back injuries had caused or accelerated the spondylosis, osteoarthritis and degenerative disc disease. He did not find that the symptoms of the accelerated osteoarthritis was a permanent condition. No party appealed the order, and it became final. ORS 656.289(3). The order determined the relationship between claimant’s preexisting arthritis and his employment in 1980 and 1981. It did not, however, determine SAIF’s responsibility for the natural progression of the preexisting osteoarthritis. That was the issue disputed in 1984. *251 Because that was a bona fide dispute, the settlement was valid under ORS 656.289(4).[2]
Claimant next contends that the Board erred in denying his aggravation claim. The 1984 settlement only forecloses aggravation claims arising from osteoarthritis. The petition for review was filed before July 20,1987; therefore, we review de novo. Armstrong v. Asten-Hill Co., 90 Or App 200, 202, 752 P2d 312 (1988).
Claimant asserts a worsening of his condition under ORS 656.273(1).[3] He, therefore, must demonstrate that there has been worsening and that it makes him less able to work, either temporarily or permanently. DeMarco v. Johnson Acoustical, 88 Or App 439, 441, 745 P2d 815 (1987). We agree with the Board that the medical evidence does not show an aggravation.
Affirmed.

 Doctors differed as to the cause of claimant’s April, 1984, back problems. One attributed the condition to a “biomechanical imbalance” rather then degenerative changes. On the other hand, SAIF’s examining physician concluded that the natural progression of the osteoarthritis caused the current disability. That conclusion led to SAIF’s denial.

 Claimant has been represented by the same law firm in 1982, 1984 and now. According to the attorney who represented him in 1984, he intended to settle all disputes concerning osteoarthritis, when he drafted the settlement agreement. Claimant did not raise the validity of the settlement initially and only argued that there was no bona fide dispute after the referee raised the issue and SAIF appealed.

 ORS 656.273(1) states:
“After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury.”