Argued May 24, affirmed July 25, 1977

SEEBER, *Appellant,*

*v.*

MARLETTE HOMES, INC., *Respondent.*

(No. 10,944, CA 7390)

566 P2d 926

Leeroy O. Ehlers, Pendleton, argued the cause for appellant. With him on the brief was Fabre & Ehlers, Pendleton.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief were Souther,

Spaulding, Kinsey, Williamson & Schwabe and James D. Huegli, Portland.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

The issue presented in this workmen's compensation appeal is whether a claimant who entered into a court-approved settlement agreement with his employer some eight years previously for an industrial injury can now bring a new proceeding to recover for aggravation of the prior injury.

Claimant appeals from an order of the circuit court which affirmed both referee and the Workmen's Compensation Board (Board) orders dismissing his claim for aggravation. ORS 656.273.

Claimant was injured on October 10, 1969, and was granted workmen's compensation benefits by a referee. Subsequently, on appeal to the Board, the order awarding benefits was reversed and claimant appealed to the circuit court. During the course of that proceeding a joint petition for settlement pursuant to ORS 656.289(4) was submitted to the court and approved. The joint petition for settlement recited that the parties

"* * * have entered into an agreement to dispose of this claim for the total sum of $7,500, said sum to include all benefits, claims, demands, liabilities, suits, actions, attorney fees, costs or any other obligations in any manner related to, arising out of or claim to have arisen out of or be connected with the accident mentioned above * * *.

"* * * * *

"It is expressly understood and agreed by all of the undersigned that this is a settlement of a doubtful and disputed claim and is not an admission of liability on the part of Marlette Homes, Inc. or CNA Insurance Co., its insurance carrier, by whom liability is expressly denied; that it is a settlement of any and all claims, whether specifically mentioned herein or not, under the Workmen's Compensation law of the State of Oregon."

The order approving the joint petition for settlement states:

"* * * [T]he Court has studied said petition and finds that a bona fide dispute over the compensability of the

[ 235 ]

claim exists, and that the proposed settlement agreed to by the parties is reasonable.

"It is therefore, hereby ORDERED, ADJUDGED AND DECREED that the settlement agreement between the parties hereto, wherein CNA Insurance Co. as insurance carrier for Marlette Homes, Inc. has agreed to pay in full settlement of all claims of [claimant] under the Workmen's Compensation law and otherwise, $7,500 is hereby approved."

Claimant filed a claim for aggravation of the 1969 injury on March 27, 1975, and that claim was dismissed as a collateral attack on the original settlement order. The propriety of that dismissal is at issue in this case.

ORS 656.236(1) provides:

"No release by a workman or his beneficiary of any rights under ORS 656.001 to 656.794 is valid."

ORS 656.289(4) provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

■ Claimant argues that because the joint petition for settlement recites that

"* * * while working in a mobile home factory assembling the inside of a mobile home, [claimant] was flipped off of a stool upon which he was standing and hit his head on a cupboard * * *",

the injury obviously arose out of and in the course of employment and therefore there was no bona fide dispute over compensability of the claim and the court did not have jurisdiction to approve the settlement. However, the joint petition also states:

"* * * The question on the appeal, as it has been in the previous cases, is the compensability of [claimant's] claim, and more particularly whether [claimant's] continuing difficulty was caused or contributed to legally or factually by the industrial accident."

Under these circumstances we will not disturb the

trial court's jurisdictional finding that "a bona fide dispute over the compensability of the claim exists."

■ Claimant further argues that even if there was a bona fide dispute over compensability, the order would not release or bar a later aggravation claim. We are persuaded that a settlement under ORS 656.289(4) may release and bar a later aggravation claim because a claim for aggravation under ORS 656.273 depends on the compensability of the underlying injury and where, as here, there is no finding in the original settlement order as to the extent of claimant's original disability, there is no way to measure the extent to which that injury was aggravated. Claimant's position, were it sustained, would require a relitigation of the settled issue of the compensability of the original claim and a determination of the extent of the original disability eight years after the injury.

Affirmed.