In the Matter of the Compensation of
John D. Freschette, Claimant.

## EBI COMPANIES,
*Petitioner,*

*v.*

## FRESCHETTE,
*Respondent.*

(82-05760; CA A30682)

692 P2d 723

Jerald P. Keene, Portland, argued the cause and filed the brief for petitioner. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

## YOUNG, J.

Employer appeals[1] from a Board order that affirmed a referee's order that disapproved a disputed claim settlement governed by ORS 656.289(4). The issue is whether the settlement violates a statutory prohibition against releases. ORS 656.236(1). We agree that the settlement is an unlawful release and affirm.

On June 6, 1979, claimant sustained a compensable injury to his right knee. On November 30, 1979, a Determination Order awarded temporary total disability. On January 22, 1982, claimant sustained further injury to his right knee. Essentially, the parties disagree as to whether claimant's 1982 injury caused a substantial worsening of his knee condition to the extent that the 1979 compensable injury can no longer be considered a material contributing cause of claimant's ongoing disability. *See Grable v. Weyerhaeuser,* 291 Or 387, 631 P2d 768 (1981). Contending that that question presents "a bona fide dispute over compensability" under ORS 656.289(4), the parties entered into a stipulation.

"IT IS HEREBY STIPULATED AND AGREED that both parties have evidence to support their contentions, that a *bona fide* dispute exists over the compensability of this claim after January 22, 1982, and that is an appropriate claim for settlement on a disputed claims basis pursuant to ORS 656.289(4).

"IT IS FURTHER STIPULATED AND AGREED that this matter shall be compromised and settled subject to the approval of the Workers' Compensation Board by employer/carrier paying and claimant accepting the sum of $1,000 in full and final settlement of this claim. In consideration for this payment, claimant agrees that his claim shall remain in its denied status and waives any right he has to appeal the denial as amended herein.

"IT IS FURTHER STIPULATED AND AGREED that employer/carrier remains liable for medical expenses relating to the right knee condition up to January 22, 1982, and that claimant will hold employer/carrier harmless from any and all medical expenses incurred after that date.

"IT IS FURTHER STIPULATED AND AGREED that

---

[1]Employer states in its brief that claimant concurs with employer's position on the issues, which accounts for there being no appearance by claimant.

this settlement resolves all issues of temporary total disability, permanent partial disability, further medical care and treatment, aggravation rights, and all other workers' compensation benefits on a disputed claims basis after the date of January 22, 1982.

"IT IS FURTHER STIPULATED AND AGREED that acceptance of this settlement means that no present or future compensation or medical benefits will be allowed under the Workers' Compensation Act after the date of January 22, 1982. Claimant agrees that this settlement is entered into freely and voluntarily and that he has read the stipulation in its entirety and discussed its meaning with his attorney prior to signing.

"IT IS FURTHER STIPULATED AND AGREED that there are no group medical insurance carriers which require notice of this settlement pursuant to ORS 656.313(3). Claimant agrees to hold this carrier harmless if such a group carrier exists which requires notice.

"IT IS FURTHER STIPULATED AND AGREED that claimant's claim after the date of January 22, 1982, shall be settled and disposed of as a doubtful and disputed claim pursuant to ORS 656.289(4).

"IT IS FURTHER STIPULATED AND AGREED that all issues any party could raise are conclusively deemed settled by this settlement."

The referee did not find that there was no bona fide dispute. He decided, however, that the settlement unlawfully barred claimant from asserting any rights relating to the original compensable claim:

"While I believe that parties can dispute out (sic) the claim for present benefits, I do not believe they can insert an intervening injury in the chain of causation so as to bar claimant from ever again attempting to obtain compensation by showing that his condition at some future point might be injury related.

"If this case went to hearing, the referee would determine if claimant's present condition was injury-related. If the referee found it was not, claimant would not receive compensation. However, by that decision the referee would not find the original accepted injury non-compensable, and the referee would not be foreclosing the claimant from ever again attempting to assert his right to compensation from that

accepted injury. The parties are attempting to do that, which I find is a release prohibited by ORS 656.236.''

The Board affirmed, stating "that because the effect of such agreements is to extinguish any and all rights that a claimant has or may have under the Workers' Compensation Act in relation to an original, accepted industrial injury, they are in violation of the statutory prohibition against releases. ORS 656.236[1]."

ORS 656.236(1) provides:

"No release by a worker or his beneficiary of any rights under ORS 656.001 to 656.794 is valid."

In the event that there is a dispute as to compensability, however, the statute is qualified by ORS 656.289(4).

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the Board or the court, by agreement make such disposition of the claim as is considered reasonable. * * *"

In the present case, the original injury was accepted as being compensable. There can be no "bona fide dispute" as to that.

In a similar case, *Arnold Androes,* 35 Van Natta 1619 (October 27, 1983), the Board reasoned:

"By the terms of this agreement, claimant is foreclosed from ever again making a claim for any workers' compensation benefits for conditions that may be related to his original industrial injury, including any claim for future medical services. Claimant presently has the right to claim compensation for reasonable and necessary medical services causally related to his injury. This is a lifetime right. ORS 656.245(1). We have held that, generally speaking, there cannot be a denial of future medical services on a previously accepted claim. *David A. Smith,* 35 Van Natta 1400 (1983); *Gary E. Freshner,* 35 Van Natta 528 (1983); *Anita Gilliam,* 35 Van Natta 377 (1983); *Patricia M. Dees,* 35 Van Natta 120 (1983). Because there cannot be a denial of future medical services, it would seem to follow that presently there can be no bona fide dispute concerning claimant's entitlement to medical services in the future.

"Furthermore, this is not a situation in which the subject of dispute is whether claimant sustained compensable injuries at all. Claimant's original injury claims were accepted and, so

far as we are now aware, there is no question that they should have been accepted. Yet the effect of this settlement agreement is to extinguish any and all rights that claimant has or may have under the Workers' Compensation Act in relation to his original, accepted industrial injuries. Aside from the question of whether there presently can be a bona fide dispute concerning claimant's entitlement to future benefits under the Act, we find that this settlement agreement, which by its express terms states that claimant 'will be forever barred from receiving additional workers' compensation benefits,' is in clear violation of the statutory prohibition against releases."

Employer urges that *Seeber v. Marlette Homes, Inc.,* 30 Or App 233, 566 P2d 926 (1977), controls the present case. It does not. In *Seeber,* the claimant attempted, eight years after he had entered into a disputed claim settlement, collaterally to attack the settlement. The issue was whether the claimant, who had entered into an approved disputed claim settlement while the compensability of his original claim was in litigation, could later file an aggravation claim pursuant to ORS 656.273. The court held:

"We are persuaded that a settlement under ORS 656.289(4) may release and bar a later aggravation claim because a claim for aggravation under ORS 656.273 depends on the compensability of the underlying injury and where, as here, there is no finding in the original settlement order as to the extent of claimant's original disability, there is no way to measure the extent to which that injury was aggravated. Claimant's position, were it sustained, would require a relitigation of the settled issue of the compensability of the original claim and a determination of the extent of the original disability eight years after the injury." 30 Or App at 237.

This disputed claim settlement would extinguish claimant's rights under the Workers' Compensation Act in relation to his original, accepted industrial injury. That is a release in violation of ORS 656.236(1).

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent.

ORS 656.236(1) invalidates any "release" by a worker

of any rights under ORS 656.001 to 656.794. ORS 656.289(4) provides in relevant part:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

The Board has taken the position that the statute does not mean what it says and that a dispute as to whether a worsened condition is compensable is not a "bona fide dispute over compensability." What else is it? The Board's conclusion that a present settlement of a claim with future effects is a prohibited release is not warranted in fact or in law.

This case is controlled by *Seeber v. Marlette Homes, Inc.,* 30 Or App 233, 566 P2d 926 (1977). There, claimant filed a claim in 1975 alleging that his 1969 injury had been aggravated. The 1969 claim had been resolved through settlement. We held that a bona fide dispute over the compensability of the 1969 injury existed and that the agreement settling that claim barred claimant's 1975 aggravation claim based on the 1969 injury. Our rationale was that, because the extent of disability resulting from the 1969 injury had not been established, there was no way to determine the extent of the 1975 aggravation without litigating the extent of the 1969 injury. That *rationale* is equally applicable here.

Claimant has agreed to settle his present aggravation claim and to forego any future claims based on the underlying injury. His agreement goes no further than the agreement in *Seeber.* Without such an agreement, claimant could file an aggravation claim in the future. The extent of his 1982 worsening would be in issue. ORS 656.273(1). Necessarily, inquiry then would be made into the extent of the 1982 worsening. Allowing such an inquiry would frustrate the purpose of disputed claim settlements. ORS 656.289(4).

The Board's paternalistic approach makes no economic sense. This is an arm's-length settlement. Claimant is represented by a lawyer. The 1982 worsening claim is disputed. Claimant has read the settlement agreement, and he has discussed it with his lawyer. He and his lawyer want the settlement approved. That ought to be enough! This is not a

release, it is a settlement. In the absence of fraud, overreaching or other unconscionable conduct, neither the Board nor this court should set aside a negotiated settlement. We should read the statute to mean what it says.

As the referee noted, if claimant's 1982 claim goes to hearing, he may receive no compensation. The carrier is willing to pay something now to avoid the possibility of future litigation and, perhaps, liability, and to close its file. That is what negotiated settlements are all about. The Board's rule is detrimental to the goal of negotiated settlements and it should be rejected.